**UNITED STATES, Plaintiff,**

**v.**

**David Paul SUTTON, Defendant.**
**UNITED STATES, Appellee,**

**v.**

**David Paul SUTTON, Appellant.**
**Crim. No. 6018.**

United States District Court,
S. D. California.
Jan. 27, 1971.

Harry Stewart, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

James A. Alfieri, Seattle, Wash., for defendant-appellant.

## ORDER DENYING APPLICATION FOR BAIL PENDING APPEAL

HAUK, District Judge.

This matter comes before this District Court upon Order of the Court of Appeals, Ninth Circuit, dated January 6, 1971 (Duniway and Kilkenny, Circuit Judges), referring defendant-appellant Sutton's "Motion for Release on Bond Pending Appeal" filed in the Court of Appeals December 28, 1970, together with eight supporting affidavits. Upon due consideration thereof, as ordered by the Court of Appeals, we now find that said motion must be denied upon the following facts, grounds and reasons.

Defendant, David Paul Sutton, was convicted on June 8, 1970, after a five day jury trial in which a guilty verdict was returned against him and four co-defendants (a fifth co-defendant was severed from the case and testified against the four, including Sutton, who were found guilty). The charges in the two counts of which Sutton and his four co-defendants were convicted were laid under 21 U.S.C. § 176a, covering (1) Wilful and knowing combination, conspiracy and agreement to import marijuana into the United States with intent to defraud; and (2) Knowing concealment and facilitation of the transportation and concealment of marijuana which he and they knew had been theretofore illegally imported. Thereupon, on July 17, 1970, the Court imposed a sentence of seven years to run concurrently with a sentence of five years which defendant had received just a week earlier in the District Court in Arizona for a violation of the same statute involved in the instant case. Also on July 17, 1970, defendant, after filing his Notice of Appeal, moved for bail pending appeal. This was denied by this Court on July 17, 1970, and reaffirmed in an Order Denying Bail Pending Appeal signed August 12, 1970.

Defendant, on December 28, 1970, filed a Motion for Release on Bond Pending Appeal in the Ninth Circuit which was based on a number of affidavits filed on behalf of defendant and on the grounds that this Court had failed to delineate the reasons utilized in denying defendant release pending appeal as required by Fed.R.App.P. 9 and Weaver v. United States, 131 U.S.App.D.C. 388, 405 F.2d 353 (1968). Thereupon, the Court of Appeals referred defendant's motion for bail pending appeal back to this Court for reconsideration in light of affidavits which were filed after the Court signed the order denying defendant bail pending appeal.

The Bail Reform Act, 18 U.S.C. § 3141 et seq., and Rule 9 of the Federal Rules of Appellate Procedure set forth the considerations which should guide the court in determining whether a person should be released pending appeal and require that the Court state in writing the reasons for action taken in the event the Court either refuses release pending appeal or imposes conditions of release. Release after conviction pending appeal is covered by § 3148 of Title 18 which provides, in part:

"A person * * * (2) who has been convicted of an offense and * * * has filed an appeal * * * shall be treated in accordance with the provisions of section 3146 unless the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community. If such a risk of flight or danger is believed to exist, or if it appears that an appeal is frivolous or taken for delay, the person may be ordered detained. * * *"

Thus the Act provides three instances when release pending appeal may be denied: (1) when the appeal is frivolous or taken for the purpose of delay, (2) when appellant poses a danger to another person or to the community, or (3) when appellant may flee the jurisdiction. Weaver v. United States, 131 U.S.App. D.C. 388, 405 F.2d 353 (1968).

The Court in its Order dated August 12, 1970, determined that two of the three § 3148 reasons for not allowing release pending appeal existed in the case of this defendant. We stated that the appeal was frivolous and taken for the purposes of delay and, further, that this defendant, should he be released, would pose a danger to the community.

The Court has now carefully read and considered the eight affidavits filed on behalf of defendant which basically set forth the proposition that in the affiants' estimation defendant will not flee or otherwise violate any conditions should he be released. These affidavits,

considered separately or in toto, do not present sufficient new facts which would lead this Court to change the decision previously made and set forth in the Order dated August 12, 1970.

The affidavit of Alfieri, defendant's attorney on appeal, sets forth no new facts. Alfieri states that the appeal was certified as not frivolous and that this Court failed to delineate the basis for its utilization of reasons given for denying release pending appeal. We had not certified that this appeal is not frivolous (although, of course, the Court of Appeals may have), but rather we stated clearly in the Order Denying Bail Pending Appeal that in our estimation the appeal was frivolous and taken for purposes of delay. Additionally, this Court did set forth detailed reasons for denying bail pending appeal in the August 12, 1970, Order.

Another affiant, Macdonald, on the basis of her long term friendship with defendant's mother, Mrs. Frances Sutton, says that defendant would not violate any conditions of release because he would not place his mother in a position where she would lose a considerable amount of money. She also states that defendant is not a violent or dangerous person. We note that defendant's mother in her affidavit does not mention anything about her willingness or intention to furnish bail for her son. She merely states in a conclusory manner that she believes defendant will not violate any conditions of release. In contradistinction to Macdonald's belief that defendant is neither violent nor dangerous, we note defendant's past record and particularly his conduct during the pendency of this trial which we discuss below.

Charlene Sutton, defendant's wife in stating that she has faith in her husband does not provide us with a sufficient basis to change our opinion of the danger to the community which would result should defendant be released.

McElwain, a long-time friend of the Sutton family, feels that defendant

is a responsible family man and would not be in any way harmful to society if granted release pending appeal.

Another affiant, Miller, promises employment and opines that defendant would work diligently for him.

Harvey does provide some verification of defendant's past employment which defendant was unable to provide for the presentence report.

The last affidavit is submitted by a personal friend of defendant's, Barrett, who admits he knows nothing of the guilt or innocence of defendant in this present matter, but states that defendant has always been honorable with him and he does not think defendant would flee pending appeal.

The Court has considered all of these affidavits and does not feel that they provide any basis for altering the previous position of this Court regarding either the frivolousness of the appeal, or the danger to the community and to the key witness, Provenzano, which would result if he were released pending this appeal.

 The Court finds frivolousness of appeal on overwhelming evidence of guilt of this defendant as set forth in the prior Order dated August 12, 1970 and the belief by the Court that no errors of law were made regarding admissibility of evidence or otherwise at the trial which would result in prejudice to the defendant. This is sufficient reason to deny bail pending appeal. But the Court further finds, taking the affidavits into consideration, that defendant would pose both a danger to the community and a danger to the key witness, Provenzano, should he be released at this time.

The Court bases this finding on defendant's bad record, the seriousness of this offense, statements made by the defendants at trial, and, particularly, his violation of this same statute in Arizona while free on bail pending trial in this matter.

The presentence report discloses defendant has been in trouble with the law periodically since 1958. There have been three arrests for grand larceny. Two resulted in convictions (although one of these was reduced to petty larceny) and the other was not prosecuted to allow defendant to enter the Marines. In addition there was an arrest and conviction for property damage which resulted in a 180 day suspended sentence. Of greater significance to this Court, however, is defendant's involvement and conviction in Arizona for a violation of the same statute involved here while free on bail during the pendency of the trial in this matter. This illustrates to the Court that defendant should not and cannot be considered a desirable candidate for release on bail pending appeal now. It should be noted that the offense in the instant case is no minor infraction. It involves a rather complex scheme for the smuggling of 186 pounds of marijuana into the United States.

Without intending to impugn the affidavits submitted on behalf of defendant, the Court feels that defendant's record speaks louder than the rather optimistic sentiments expressed by defendant's friends and he has made it clear by his conduct that he must be considered a danger to the community. In this connection it should be pointed out that other district courts in this circuit have held that "danger to the community" can result from a defendant's propensity to commit crimes involving the trafficking of narcotics. United States v. Louis, 289 F.Supp. 850 (N.D.Cal.1968) and United States v. Erwing, 280 F. Supp. 814 (N.D.Cal.1968). See also United States v. Wilson, 257 F.2d 796 (2d Cir. 1958).

Smuggling of narcotics is, by its very nature, surreptitious and clandestine and it is doubtful if any conditions of release could be designed to reasonably assure that defendant will not continue to engage in the illegal importation of marijuana.

Moreover, we note that during the course of the trial, threats were made by the defendants, including Sutton, against Provenzano, the co-defendant

who became the key witness for the prosecution and was severed from the trial. These threats made it clear, overtly and covertly, expressly and impliedly, that Provenzano would likely suffer great bodily harm and even death because of his incriminating eye-witness testimony against his co-conspirators, including defendant Sutton. That the protection of this witness is a proper consideration when determining whether a defendant should be permitted bail pending appeal is clear from the wording of § 3148 which provides that a defendant should not be released if conditions of release will not reasonably assure that defendant will not "pose a danger to any other person." This appears to be a codification of the prime reason given by Justice Douglas in denying bail pending certiorari in Carbo v. United States, 82 S.Ct. 662, 669, 7 L. Ed.2d 769 (1962) where he concluded

"[T]here is a substantial probability of danger to witnesses should the applicant be granted bail; that this danger is relevant to the propriety of granting bail on appeal, since a new trial may be ordered; and that in this case bail should be denied in the public interest."

That such "danger to any other person", to wit, Provenzano, existed and still exists, this Court originally found as a fact in its Order Denying Bail Pending Appeal dated August 12, 1970, and must necessarily continue to find as a fact today, since the affidavits filed in the Court of Appeals do not refute or in the slightest way change this fact.

With the foregoing findings of fact, and in adverting to, adopting and reaffirming all the findings of fact set forth in our Order Denying Bail Pending Appeal dated August 12, 1970, which is already part of the record on appeal herein, we necessarily did then and now still do believe that the release of defendant Sutton, or any of his co-defendants, would have posed and would now pose a danger to the community and to another person, namely, the key witness, accomplice and co-conspirator Provenzano.

Therefore, it is hereby ordered that defendant's Motion for Release on Bond Pending Appeal be, and the same is, denied.

It is further ordered that the Clerk of this Court file and serve forthwith copies hereof upon the Clerk of the Court of Appeals, and all of the counsel for the parties hereto.