UNITED STATES of America
v.
Ernest NELSON.
Crim. No. 72-192.

United States District Court,
S. D. Florida,
Miami Division.

Aug. 17, 1972.

Robert W. Rust, U. S. Atty., and P. D. Aiken, Asst. U. S. Atty., Miami, Fla., for the government.

Arthur Massey, Miami, Fla., for defendant.

## ORDER REVOKING APPEAL BOND

ATKINS, District Judge.

This cause came before the Court for a hearing, after notice, on the government's motion for revocation of defendant's $75,000 bond. The defendant, Ernest Nelson, was present and represented by counsel.

The government argued at said hearing that the defendant had violated the conditions of his appeal bond and that he posed a danger to the community by reason of his continued association with and involvement in narcotics traffic. On its own motion the court raised the question of the frivolity of defendant's appeal. This is one of the other bases for denial of bail pending appeal under 18 U.S.C. § 3148.

The question of whether continued narcotics trafficking constitutes a "danger to any other person or to the community" within the meaning of 18 U.S.C. § 3148 appears to be one of first impression in the Fifth Circuit. To this Court, the answer to that question is clearly yes. Almost daily the misery occasioned by such traffic in heroin and cocaine is vividly illustrated in our courts by the plight of both narcotics users and victims of criminal acts committed to obtain the exorbitant funds necessary to satisfy the addiction.

Several recent cases support this conclusion. In United States v. Erwing, 268 F.Supp. 877 (N.D.Cal.1967) and United States v. Erwing, 280 F.Supp. 814 (N.D.Cal.1968), the district court revoked bond on appeal and then denied a motion to reinstate when presented with evidence of "a strong pattern of intentional narcotics violations which are a danger to the community." Mr. Justice Douglas, sitting as Circuit Justice on an application for bail pending appeal, has cited the *Erwing* case with favor as an example of the strong showing of danger to the community necessary to justify a denial of bail on that ground. Harris v. United States, 404 U.S. 1232, 1236, 92 S.Ct. 10, 30 L.Ed.2d 25 (1971).

The facts before me exceed those present in *Erwing*. In United States v. Sutton, 322 F.Supp. 1320 (S.D.Cal. 1971), another district court denied a petition for bail pending appeal where it was "doubtful if any conditions of release could be designed to reasonably assure that defendant will not continue to engage in the illegal importation of marijuana." *Id.* at 1323. Here the evidence shows illegal dealings not in marijuana, but in heroin and cocaine.

Based upon prior convictions, evidence presented at the trial of this case before me, and testimony at the hearing on the government's motion, I find that:

1. Defendant was convicted in 1966 for the purchase of non-tax paid heroin.

2. Defendant was indicted on February 17, 1972 for possession of cocaine with intent to distribute. The conviction in that case, No. 72–110–Cr–CF, is presently on appeal.

3. On March 16, 1972 defendant was indicted for illegal distribution of heroin, stemming from two separate transactions. The conviction in that case, No. 72–192–Cr–CA, is now on appeal. It is conceded that these alleged offenses occurred while defendant was free on bond from narcotics charges arising out of prior events, and from 2 to 6 days after the arrest which resulted in the filing of Case No. 72–110–Cr–CF.

4. On August 9, 1972, cocaine was purchased by government informants from a house believed to be occupied by the defendant.

5. On August 14, 1972, officers armed with a search warrant searched those premises. Defendant Nelson was found on an upstairs bed and placed under arrest. Under the pillow was a change purse containing a small tin foil packet of cocaine, a needle and a syringe. Three hundred and fifty dollars was found on defendant's person, two hundred dollars under the pillow, and one thousand dollars under the mattress on which he lay. In other parts of the house, officers found strainers, many

foil packets, instruments and ingredients for "cutting" narcotics, and a quart jar containing a large quantity of heroin.

6. The defendant knew that several occupants of the house were or had been habitual users of narcotics.

7. On or about June 28, 1972, while free on bond pending appeal, defendant was arrested on an arrest warrant growing out of his allegedly unlawful possession of firearms at the time of an earlier arrest. At that time he had approximately fourteen hundred dollars on his person. The possession of this large amount of money has not been satisfactorily explained.

8. Defendant has, in violation of his bond, left the Miami area on several occasions.

9. Defendant's two co-defendants have both dismissed their appeals filed with the Court of Appeals.

10. After examination of appellant's brief, the Court believes that his appeal is frivolous and taken for the purpose of delay.

■ It appears from the above findings that the defendant has violated the conditions of his appeal bond in that he has left the Miami area, associated with known narcotics traffickers, and not restricted his activities to operating his grocery store and selling used cars. It further appears that defendant's appeal is frivolous and taken for delay. Finally, a strong pattern of intentional narcotics violations has been established. This pattern gives the court reason to believe that the defendant is still engaged in and associated with traffic in narcotics and, as such, constitutes a danger to the community.

Accordingly, it is ordered and adjudged that the government's motion is granted. Defendant Ernest Nelson's appeal bond is revoked, and he shall be held without bond, pursuant to 18 U.S.C. § 3148.