UNITED STATES of America
v.
Tommy Joe **HOLT** et al.
Crim. No. 3–75–224.

United States District Court,
N. D. Texas,
Dallas Division.

Aug. 18, 1975.

---

Harry Koch, Asst. U. S. Atty., Dallas, Tex., for plaintiff.

Garland P. Andrews, Dallas, Tex., for Tommy Joe Holt.

Thomas A. Blakeley, Jr., Dallas, Tex., for Michael D. Harstrom.

Carlisle Blalock, Dallas, Tex., for Michael E. Harp.

James H. Billingsley, Dallas, Tex., for Jerry Wayne Bailey.

## FINDINGS OF THE COURT

ROBERT W. PORTER, District Judge.

A jury has convicted the Defendants Tommy Joe Holt, Michael Eugene Harp, Jerry Wayne Bailey and Michael David Harstrom of injuring a federal witness in violation of 18 U.S.C. § 1503. The case is now before the Court on the government's notice to seek enhanced sentences for all Defendants except Harstrom pursuant to 18 U.S.C. § 3575. After hearing, and for the reasons detailed below, the Court finds that Holt, Harp and Bailey are "dangerous special offenders" within the meaning of the statute and that enhanced sentences are in order. These findings are filed in compliance with 18 U.S.C. § 3575(b).

Defendants Holt, Harp and Bailey have moved the Court to dismiss the government's notice and to declare the enhancement statute unconstitutional in whole or in part. Upon consideration of the motions and briefs, the Court finds that the notice is sufficient and was properly filed, and cannot agree that the statute is unconstitutional.

It is true, as Defendants' Motions point out, that the government's notice was disclosed to the trial judge prematurely. The statute prescribes:

> In no case shall the fact that the defendant is alleged to be a dangerous special offender be an issue upon the trial of such felony, be disclosed to the jury, or be disclosed before any plea of guilty or nolo contendere or verdict or finding of guilty to the presiding judge without the consent of the parties.

18 U.S.C. § 3575(a). The assistant United States Attorney, in the absence of the jury, notified the Defendants Holt, Harp and Bailey in open Court at the beginning of the trial of his intention to seek enhanced sentences. Although the notice was filed by the Clerk, I did not read it until after the jury returned its verdict, nor was I otherwise aware of the Defendants' extensive criminal records.

■ According to the legislative history of this statute, the purpose of the provision in question was to assure that the filing of the notice will not prejudice the jury or the Court against the defendant before the determination of his guilt or innocence. 1970 U.S.Code Cong. & Admin.News p. 4037. In a jury case, it is difficult to understand how Congress might think a defendant could be harmed by the trial judge's knowledge that the government sought severe punishment. It appears that in at least one district the government has adopted the practice of filing § 3575 notices *in camera* with a judge other than the one who is to try the case. *See United States v. Kelley,* 384 F.Supp. 1394 (W.D.Mo. 1974). While such a practice might arguably serve some purpose in a non-jury case, it remains to be explained how the practice could be implemented in those several remaining districts—e. g. Maine, New Hampshire, Wyoming—that have only one judge. Is it logical that a trial judge would be any more prejudiced against these defendants, knowing the government sought sentences up to twenty-five years, than he would have been had the charges against them been, for example, bank robbery with assault by a dangerous weapon (18 U.S.C. § 2113[d] ), for which Congress has prescribed a maximum sentence of twenty-five years?

■ Did Congress intend, as Defendants maintain, that they, their lawyers and the prosecutor should know something that the judge should be kept ignorant of—that an enhanced sentence would be sought? There is no precedent in this circuit so holding, and I find that the government's inadvertent failure to keep its special dangerous offender notice a secret from the Court has not prejudiced the Defendants.

Thus there is no reason to strike the notice.

■ Defendants next contend that the word "dangerous" as used in the statute is so vague and overbroad as to be unconstitutional.

A defendant is dangerous for purposes of this section if a period of confinement longer than that provided for such felony is required for the protection of the public from further criminal conduct by the defendant.

18 U.S.C. § 3575(f). One district judge has found this language to be unconstitutionally vague. *United States v. Duardi,* 384 F.Supp. 874, 885 (W.D.Mo. 1974). I disagree.

Admittedly, there can never be a "litmus paper test" for whether an offender is or is not a danger to the community. Here, however, it is important to note that we do *not* have a statute making it criminal to be "dangerous", unlike the New Jersey statute discussed by Judge Oliver in *Duardi, supra,* which made it unlawful to be a "gangster". We deal, instead, with a statute specifying special handling for criminals convicted—not of being dangerous—but of having violated a law of the United States. This is not unlike special handling under 18 U.S.C. § 3148, permitting a federal judge to deny bail to a defendant after conviction (or charged with a capital offense) if "the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or *pose a danger to any other person or to the community.*" (Emphasis added.)

Mr. Justice Black, acting as circuit justice, examined this language in *Sellers v. United States,* 89 S.Ct. 36, 21 L. Ed.2d 64 (1968). In ordering that the applicant be admitted to bail, Mr. Justice Black wrote:

> The idea that it would be "dangerous" in general to allow the applicant to be at large must . . . relate to some kind of danger that so jeopardizes the public that the only way to pro-

tect against it would be to keep the applicant in jail.

89 S.Ct. at 38, 21 L.Ed.2d at 67. In *Sellers,* the applicant's federal conviction was for refusal to submit to induction into the armed forces, which is, as Mr. Justice Black noted, "not . . . a crime of physical violence." *Id.* This fact, plus the fact that a state court had considered the applicant suitable for release on bond on pending state charges, influenced the decision that Sellers was not so dangerous as to justify holding him without bail. A reading of the opinion suggests that Mr. Justice Black was not troubled by the lack of precise definition of the statutory word "dangerous".

Similarly, the District of Columbia Circuit had no trouble with the same statute in *Russell v. United States,* 131 U.S.App.D.C. 44, 402 F.2d 185 (1968). The court vacated appeal bond orders entered by the trial court and ordered the appellants held without bail "for the reason that their release would present danger to the community." 402 F.2d at 187.

A district court, acting on a motion to revoke a defendant's bond, wrote:

> The question of whether continued narcotics trafficking constitutes a "danger to any other person or to the community" within the meaning of 18 U.S.C. § 3148 appears to be one of first impression in the Fifth Circuit. To this Court, the answer to that question is clearly yes.

*United States v. Nelson,* 346 F.Supp. 926, 927 (S.D.Fla.), aff'd, 467 F.2d 944 (5th Cir. 1972), *cert. denied* 410 U.S. 956, 93 S.Ct. 1428, 35 L.Ed.2d 689 (1973).

■ Another claimed defect in the statute is the provision that enhanced sentencing is permitted "[i]f it appears by a preponderance of the information . . . that the defendant is a dangerous special offender". 18 U.S.C. § 3575(b). Defendants claim, and Judge Oliver has found, in *United States v. Duardi, supra,* that this proviso violates

the constitutional due process requirement that a defendant in a criminal case can be convicted only if the prosecution proves guilt beyond a reasonable doubt. Once again, I must disagree with Judge Oliver's conclusion. The enhancement statute comes into play only after a verdict of guilty. The factors a judge considers in deciding whether to enhance a sentence under § 3575 are really little or no different from those he considers in pronouncing sentence in any other case —they include the defendant's past criminal record, the probation officer's evaluation and recommendation, the seriousness of the instant offense, the offender's attitude, and others. In other words, the judge determines what an appropriate sentence is in each case after weighing the "preponderance of the information".

■ Defendants also claim the government's notice is fatally defective for failure to meet the specificity requirements of the statute. I find that the notice complies with the requirements of 18 U.S.C. § 3575(a) by specifying the reasons that the U.S. attorney believed Holt, Harp and Bailey to be special dangerous offenders.

Other allegations of the defendants are so insubstantial as to require little comment. They include charges that the statute violates the right to a jury trial and indictment by a grand jury and that the notice was not filed a reasonable time prior to trial. Suffice it to say that the U.S. attorney gave informal notice to defense counsel well before the trial started of his intention to file the § 3575 notice, and that the defendants were indicted by a grand jury and tried by a petit jury.

■ All that remains is a short summary of the factors that led the Court to decide that these three defendants were in fact special dangerous offenders whose sentences should be enhanced. (A more detailed recitation is to be found in the record, for I went into considerable detail at the sentencing hearing).

The defendant Holt's criminal record spans a ten-year period, and he is only 29 years old. He is under a state court sentence of ninety-nine years for armed robbery, and he has been convicted of numerous other crimes, as shown by copies of judgments admitted into evidence. Even though his most recent conviction is before the Texas Court of Criminal Appeals, I find that it may properly be considered for enhancement purposes. If subsequently reversed, the Court will entertain a motion to reduce sentence under F.R.Crim.P. Rule 35 or a petition under 28 U.S.C. § 2255. I believe this procedure proper by analogy to the decision in *United States v. Allen*, 457 F.2d 1361 (9th Cir. 1972) that a conviction, until reversed, will stand and a defendant may be questioned regarding that conviction for purposes of impeachment. "Once rendered by the trial court, the judgment is final rather than being held in a state of suspension pending the outcome of an appeal." *Id.* at 1363. The previous convictions are within the requirements of § 3575(e)(1), and I find that Holt is a special offender.

Holt is also a dangerous offender as defined by § 3575(f). I believe that a sentence of fifteen years, to be served consecutively to his state sentence, is required to protect the public from additional crimes that I fully expect Holt to commit. He admits to drug addiction, and has no significant employment history nor financial assets. His past crimes and the one for which he stands convicted in this court exemplify the blatant disregard he has for the personal and property rights of others. I believe he was the "brains" behind the vicious assault on his fellow prisoner Hackett. If Hackett was not safe when Holt was in jail, how can the law-abiding public be safe with Holt a free man?

Defendant Harp's criminal record began at the age of thirteen when he was picked up for bicycle theft. Lenient authorities released him to his mother's custody, but this was insufficient to

keep him out of further trouble. He has been committed twice to the Gatesville (Texas) School for Boys, from which he once escaped. Harp must be an habitual criminal in the truest sense of that term: crime is the only business he has ever been in. He faces a life sentence from Texas courts. If Holt was the "brains" of the assault on Hackett, then Harp was the "brawn". Taking the law into his own hands is what makes Harp a dangerous offender, and his prior convictions make him a special offender. To protect the public from Harp's violence and disregard of the laws of society, I believe a fifteen-year consecutive sentence is required. Harp is the type of individual the authors of the special dangerous offender statute must have had in mind when they permitted federal courts to enhance sentences beyond those normally assessed.

Defendant Bailey is a special offender because of previous felony convictions, ranging from assault on a police officer to aggravated burglary. Like his cohorts, Bailey faces a long sentence from state courts. (His most recent conviction is on appeal). Although only 24 years old, he also has led a life of crime and has no known useful skills.

Because he was less culpable than Holt and Harp in the assault of Hackett, I believe a ten-year consecutive sentence appropriate for Bailey, who nonetheless is still a dangerous offender. The public is not safe as long as people like Bailey and his friends think they are in charge of determining who may and may not testify in a federal courtroom.

I hold no hope of rehabilitating these criminals, nor of deterring them; they will in all probability commit further crimes. My primary purpose in assessing sentences that are long by federal standards is incapacitating these men because of their extensive criminal activities and the serious nature of this crime—injuring a federal witness—in particular. Society is gravely threatened if courts cannot promise witnesses that they may testify freely without fear of being beaten up by hoodlums like these who consider "snitching" an offense against the code of the underworld to be punished by vicious beating.