UNITED STATES of America,
Appellant,

v.

James S. DUARDI et al., Appellees.

No. 75–1354.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1975.

Decided Dec. 31, 1975.

Rehearing and Rehearing En Banc
Denied March 2, 1976.

Gary Cornwell, Special Atty., Dept. of Justice, Kansas City, Mo., for appellant.

---

Lewis E. Pierce, Kansas City, Mo., for appellee.

G. Robert Blakey, Ithaca, N. Y., filed brief for amicus curiae, Americans for Effective Law Enforcement.

Before GIBSON, Chief Judge, HENLEY, Circuit Judge, and VAN PELT,* Senior District Judge.

ROBERT VAN PELT, Senior District Judge.

This case again presents the issue of the proper application of the Dangerous Special Offender Act, 18 U.S.C. § 3575. An earlier panel of this court was confronted with nearly identical issues in *United States v. Kelly*, 519 F.2d 251 (8th Cir. 1975), and decided the case contrary to the government's position in *Kelly* and in this case.

We are asked to determine in the instant case

1) whether the government's original notice seeking sentencing under 18 U.S.C. § 3575 was adequate;

2) whether the district court erred in holding the provisions of 18 U.S.C. §§ 3575 and 3577 to be inconsistent with due process and unconstitutional.

In the original notice of November 28, 1972, the government did little more than repeat the language of the statute.[1]

The government contends that its notice was sufficient and that the statute does not require the notice to set forth separate reasons supporting both a special offender classification and a dangerous classification. It contends that the requirements of dangerousness as set forth in § 3575(f)[2] can be met with a finding of special offender status under § 3575(e)(3).[3]

Any evaluation of the merits of the government's claim must be made within the limits of *Kelly*, and since that case, in effect, found against the government on the issue presented, we must affirm

---

* The Honorable Robert Van Pelt, United States Senior District Judge for the District of Nebraska, sitting by designation.

1. Now comes the United States, by and through its attorneys, Bert C. Hurn, United States Attorney for the Western District of Missouri, and Gary Cornwell, Special Attorney, United States Department of Justice, who are charged with the prosecution of the above named defendants before the United States District Court for the Western District of Missouri for alleged violations of 18 U.S.C. §§ 371 and 1952, which are felonies committed when the defendants were each over the age of 21 years, and hereby files this notice with the Court, in compliance with the provisions of 18 U.S.C. § 3575(a), stating that upon conviction for said felonies these defendants are each subject to the imposition of sentences under 18 U.S.C. § 3575(b) as dangerous special offenders.

We do believe that said defendants are dangerous special offenders for the reason that such felonies constituted, and were committed by defendants in furtherance of a conspiracy with three or more persons to engage in a pattern of conduct criminal under the laws of the United States, and the State of Oklahoma, and the defendants

agreed to and did organize, plan, finance, direct, manage and supervise all or part of such illegal conduct and activities, and agreed to give and receive a bribe and to use force as part of such conduct, all within the meaning of § 3573 [sic] (e)(3) of Title 18, United States Code.

2. (f) A defendant is dangerous for purposes of this section if a period of confinement longer than that provided for such felony is required for the protection of the public from further criminal conduct by the defendant.

3. (e) A defendant is a special offender for purposes of this section if—

\* \* \* \* \* \*

(3) such felony was, or the defendant committed such felony in furtherance of, a conspiracy with three or more other persons to engage in a pattern of conduct criminal under applicable laws of any jurisdiction, and the defendant did, or agreed that he would, initiate, organize, plan, finance, direct, manage, or supervise all or part of such conspiracy or conduct, or give or receive a bribe or use force as all or part of such conduct.

the lower court's finding and hold the notice in this case inadequate.[4]

Because our holding is limited to the sufficiency of the notice under this court's interpretation of § 3575 in *Kelly, supra,* we do not need to reach, and should not decide, the more important question concerning the constitutionality of the Dangerous Special Offender Act.

For the reasons given we affirm.

---

**4.** The writer of this opinion, if, to borrow a recent expression of Judge Heaney of this court, he could "write on a clean slate," would not subscribe to the conclusions of *Kelly.* It is an approved practice as to most indictments to charge a crime in the language of the statute and defendants are then afforded rights to a bill of particulars. Coupling these facts with the broad alternatives available to the court under 18 U.S.C. § 3575 in holding a hearing and sentencing, the writer would vote to hold the notice sufficient.