UNITED STATES of America, Plaintiff,

v.

**Eddie David COX, Defendant.**

**No. 82–00172–01–CR–W–6.**

United States District Court,
W.D. Missouri, W.D.

Feb. 23, 1983.

See also 643 F.2d 534.

(See defendant's motion at p. 2)

Mark J. Zimmermann, Asst. U.S. Atty., W.D.Mo., Kansas City, Mo., for plaintiff.

Raymond Conrad, Jr., Federal Public Defender, W.D.Mo., Kansas City, Mo., for defendant.

## ORDER DENYING MOTION TO STRIKE NOTICE OF SPECIAL OFFENDER

SACHS, District Judge.

Prior to the trial of this case and defendant's conviction the government filed under seal with another judge of this court a notice of dangerous special offender, under 18 U.S.C. § 3575(a). Defendant has filed a motion to strike the notice, contending that the statute is unconstitutional because it "fails to provide an adequate standard of proof" and is void for vagueness. The statute provides for an enhanced sentence if it appears by a "preponderance of the information" that the defendant is a dangerous special offender. 18 U.S.C. § 3575(b).

Defendant's contentions are not without appeal, but the weight of authority is supportive of the statute. *United States v. Schell,* 692 F.2d 672 (10th Cir.1982). The Court will follow the general consensus of appellate judges, thereby distinguishing a ruling by former Chief Judge Oliver of this Court in a comparatively early test of the statute in question. *United States v. Duardi,* 384 F.Supp. 874 (W.D.Mo.1974), affirmed on other grounds, 529 F.2d 123 (8th Cir. 1975).

■ The vagueness contention is directed against the requirement that enhanced sentencing be "not disproportionate in severity" to the maximum allowed for the felony involved in the case. Defendant also contends that the concept of dangerousness is excessively vague. This argument has been rejected by at least five appellate courts, and Circuit Judge Logan recently stated in *Schell,* that the "concept of dangerousness ... merely articulates considerations underlying any bail or sentencing decision." 692 F.2d at 675. This portion of the *Schell* ruling was approved by the entire appellate panel, including Circuit Judge McKay, who dissented as to the constitutional validity of the statutory standard of proof. The Court concludes that this portion of *Schell,* adverse to defendant's contention of vagueness, is rather clearly right. The statute is therefore sustained by this Court against the charge of vagueness.

■ Somewhat more troubling is the standard of proof question. The statute provides that the Court shall decide the dangerous special offender issue based on the "preponderance of the information." 18 U.S.C. § 3575(b). In Judge Logan's opinion, he notes that "the judge must find certain historical facts about defendant's past record that are easily verifiable", but

that there are inherent difficulties in making the ultimate "finding of dangerousness." Ibid., 678–9. Resolving the ultimate issue, therefore, may justifiably turn on the preponderance of information, which is the test chosen by Congress. Judge Logan's ruling is accepted, not only because it represents the majority view, but also because it appears to be sensible.

Judge Oliver's concerns were somewhat different, and have been followed by this Court in normal sentencing. In *Duardi*, the government sought to have sentencing turn on the judge's conclusion that, more likely than not, defendant had been guilty of grave offenses with which he had not been charged. 384 F.Supp. at 881–2. Judge Oliver declared such a practice "untenable". The course of the law since 1974 has not established that Judge Oliver's view was erroneous. A simple preponderance of the information test was deemed inadequate to establish derogatory information in the leading case of *United States v. Fatico*, 458 F.Supp. 388, 408–12 (E.D.N.Y.1978), affirmed, 603 F.2d 1053 (2d Cir.1979), cert. den., 444 U.S. 1073, 100 S.Ct. 1018, 62 L.Ed.2d 755 (1980). *Fatico* involved normal sentencing, after a hearing to resolve contested hearsay information presented by the government. Judge Weinstein in *Fatico* noted the constitutional question relating to the special offender statute, and rejected a "preponderance of the information" test. l.c. 408. Cf. *United States v. Dace*, 502 F.2d 897, 901 (8th Cir.1974) (sentencing court cannot summarily rely on "unverified derogatory hearsay" that is not disclosed to a defendant, or that is challenged by the defendant).

There is no occasion in this case to reconsider Judge Oliver's ruling as to the unconstitutionality of the statutory preponderance of information test, when applied to proving a constituent fact in sentencing under the special offender statute. The *Duardi* decision is distinguishable. Only the ultimate inference of dangerousness will be decided under the statutory test, as approved in *Schell* and the decisions cited therein. So limited, the statutory test seems acceptable.

■ Defendant, through counsel, argues, in the alternative, that the notice given by the government is inadequate, in that it simply lists convictions and does not supply any additional basis for ruling that defendant is a "dangerous" offender. The Court of Appeals for this Circuit, affirming positions taken by Judges Oliver and Hunter, has held that further facts must be stated with particularity before a hearing to determine "dangerousness" can proceed. *United States v. Kelly*, 519 F.2d 251 (8th Cir.1975). The government apparently contends generally that simple recidivism is sufficient for a finding of dangerousness, and that is all it need allege in the notice, (*Marshall v. United States*, 576 F.2d 160, 163 (9th Cir. 1978) (Hufstedler, J., dissenting)), but such a contention cannot be accepted in this Circuit, under *Kelly*. Other circuits have indicated that at least some inference of dangerousness may be inferred from recidivism. *United States v. Ilacqua*, 562 F.2d 399, 403 (6th Cir.1977); *United States v. Warme*, 572 F.2d 57, 61 n. 4 (2d Cir.1978). Even though such an inference will apparently not satisfy the preponderance of the information requirement in this Circuit, the notice in this case goes a step farther. The government here relies on "the swiftness with which (defendant) resumed his criminal career after a ten-year imprisonment," and asks that the Court infer that he "will remain a danger to society as long as he is not incarcerated". The alleged disinclination of defendant to comply with the law for any material period of time does add a significant factor not contained in the *Kelly* notice, and requires that the government's notice in this case be considered rather than summarily dismissed.

The motion to strike the notice of special offender should be and is hereby DENIED.