UNITED STATES of America

v.

DAVIS, William, a/k/a "Country"
William Davis, Appellant.

No. 82–1442.

United States Court of Appeals,
Third Circuit.

Argued April 14, 1983.

Decided June 21, 1983.

Rehearing and Rehearing In Banc
Denied Aug. 1, 1983.

Jeffrey M. Miller (argued), Philadelphia, Pa., for appellant.

Thomas H. Lee, II (argued), Asst. U.S. Atty., Peter F. Vaira, U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief of Appeals, Philadelphia, Pa., for appellee.

Before HUNTER, WEIS, Circuit Judges, and GERRY,* District Judge.

* Honorable John F. Gerry, United States District Judge for the District of New Jersey, sitting by designation.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

On October 14, 1981, appellant William Davis was charged in a one-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C.App. § 1202(a)(1) (1976). Violation of that statute carries a maximum prison term of two years. On October 22, 1981, appellant entered a plea of not guilty.

On November 21, 1981, the government filed a Notice of Request for Dangerous Special Offender Status under 18 U.S.C. § 3575 (1976 & Supp. V 1981). In that notice the government asked the court to find that appellant was a dangerous special offender as defined by section 3575, if he was found guilty of violating 18 U.S.C.App. § 1202(a)(1) (1976). Such a finding can result in the increase of a defendant's imprisonment to up to a twenty-five year term. 18 U.S.C. § 3575(b) (1976).

At a hearing conducted on March 22, 1982, appellant changed his plea to guilty. On June 8, 1982, the court conducted another hearing and concluded that appellant was a dangerous special offender. The district court thereafter sentenced appellant to a term of imprisonment of twelve years. This appeal raises five issues concerning the sentence imposed on appellant pursuant to section 3575. We will affirm the judgment of sentence.

### I.

Section 3575(b) provides that if the district court finds that a person convicted of a felony is also a dangerous special offender, then it shall sentence him to imprisonment "for an appropriate term not to exceed twenty-five years and not disproportionate in severity to the maximum term otherwise authorized by law for the [underlying] felony." 18 U.S.C. § 3575(b) (1976). The definition of a "special" offender applicable to this appeal is an individual who, apart from the underlying felony, has committed two or more felonies on different occasions, who has been imprisoned for at least one of them, and who either committed one of the felonies or was released from imprisonment for one of the felonies within the last five years. 18 U.S.C. § 3575(e)(1) (1976 & Supp. V 1981). A "dangerous" offender is an individual for whom "a period of confinement longer than that provided for such [underlying] felony is required for the protection of the public from further criminal conduct by the defendant." 18 U.S.C. § 3575(f) (1976).

Whenever the government wishes to have a defendant over the age of twenty-one classified as a dangerous special offender, it must file a notice with the court within a reasonable time before trial or the acceptance of a plea of guilty or nolo contendere. 18 U.S.C. § 3575(a) (1976). That notice must state with particularity the government's reasons for believing that the dangerous special offender classification is appropriate in that case. *Id.*

After a finding of guilty or a plea of guilty or nolo contendere, the sentencing judge must hold a hearing without a jury to determine whether the defendant is special and dangerous as defined by the statute. 18 U.S.C. § 3575(b) (1976). The statute provides that "[i]n connection with the hearing, the defendant and the United States shall be entitled to assistance of counsel, compulsory process, and cross-examination of such witnesses as appear at the hearing." *Id.* The judge may consider information submitted during the trial and during the sentencing hearing, and information contained in the presentence report. *Id.* The judge must then make his findings based on proof by a preponderance of the evidence presented, and he must place those findings in the record. In his findings he must include the information on which he relied, as well as the reasons for the sentence which he imposed. *Id.; see United States v. Felder,* 706 F.2d 135 (3d Cir.1983).

### II.

Appellant first argues that section 3575(b) violates the due process clause of the fourteenth amendment because it allows the sentencing judge to find that a defendant is special and dangerous based on

a preponderance of the evidence presented. Appellant argues that due process requires the government to prove beyond a reasonable doubt that a particular defendant falls within the statutory definitions. *See United States v. Duardi,* 384 F.Supp. 874, 882–85 (W.D.Mo.1974), *aff'd on other grounds,* 529 F.2d 123 (8th Cir.1975).

Five courts of appeals have specifically addressed that constitutional challenge, and all have rejected it. *See United States v. Schell,* 692 F.2d 672, 676–79 (10th Cir.1982); *United States v. Inendino,* 604 F.2d 458, 463 (7th Cir.) (per curiam) (affirming 463 F.Supp. 252 (N.D.Ill.1978)), *cert. denied,* 444 U.S. 932, 100 S.Ct. 276, 62 L.Ed.2d 190 (1979); *United States v. Williamson,* 567 F.2d 610, 615 (4th Cir.1977); *United States v. Bowdach,* 561 F.2d 1160, 1172–75 (5th Cir.1977); *United States v. Ilacqua,* 562 F.2d 399, 405 (6th Cir.1977), *cert. denied,* 435 U.S. 906, 917, 947, 98 S.Ct. 1453, 1473, 1532, 55 L.Ed.2d 497, 508, 545 (1978); *United States v. Stewart,* 531 F.2d 326, 332–34 (6th Cir.), *cert. denied,* 426 U.S. 922, 96 S.Ct. 2629, 49 L.Ed.2d 376 (1976); *see also United States v. Neary,* 552 F.2d 1184, 1193–94 (7th Cir.), *cert. denied,* 434 U.S. 864, 98 S.Ct. 197, 54 L.Ed.2d 139 (1977) (considering only the standard of proof required to prove dangerousness); *United States v. Cox,* 556 F.Supp. 812, 813–14 (W.D.Mo.1983); *United States v. Holt,* 397 F.Supp. 1397, 1399–400 (N.D. Tex.1975), *modified on other grounds sub nom. United States v. Bailey,* 537 F.2d 845 (5th Cir.1976), *cert. denied,* 429 U.S. 1051, 97 S.Ct. 764, 50 L.Ed.2d 767 (1977).

While normal sentencing proceedings are not immune from all due process attacks, *see Williams v. New York,* 337 U.S. 241, 252 n. 18, 69 S.Ct. 1079, 1085 n. 18, 93 L.Ed. 1337 (1949); *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), the Supreme Court has required only minimal due process protections in those proceedings. *See United States v. Grayson,* 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978); *Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); *see also Gardner v. Florida,* 430 U.S. 349, 358 n. 9, 97 S.Ct. 1197, 1205 n. 9, 51 L.Ed.2d 393 (1977) (plurality opinion). The Supreme Court has

required additional procedural protections, however, when a convicted individual is sentenced to a longer term of imprisonment pursuant to a statute which requires additional fact-finding by the sentencing judge. *Specht v. Patterson,* 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967).

In *Specht* the Court considered the due process rights of an individual who was convicted of a sex-related offense under one Colorado statute and who was then sentenced to an enhanced term of imprisonment pursuant to the Colorado Sex Offenders Act, Colo.Rev.Stat.Ann. §§ 39–19–1 to –10 (1963). That statute allowed the judge to sentence a convicted individual to a term of imprisonment from one day to life without notice or a hearing, based only on a psychiatric report, if the judge found that the individual posed a threat of bodily harm to the public or was an habitual offender and mentally ill. *Id.* § 39–19–2. The Supreme Court struck down the statute in *Specht* holding:

> Due process ... requires that [the defendant] be present with counsel, have an opportunity to be heard, be confronted with witnesses against him, have the right to cross-examine, and to offer evidence of his own. And there must be findings adequate to make meaningful any appeal that is allowed.

*Id.* at 610, 87 S.Ct. at 1212.

We recognize the similarities between the sentencing proceedings provided for by the dangerous special offender statute and the sentencing proceeding involved in *Specht. Accord Schell,* 692 F.2d at 676–78; *Bowdach,* 561 F.2d at 1172–75. *But cf. Stewart,* 531 F.2d at 332 & n. 2 (finding that *Specht* involves a distinct new criminal charge and is thus distinguishable from section 3575 which involves sentence enhancement based on factors aggravating the underlying offense). Section 3575, however, provides all the procedural protections which the *Specht* Court held constitutionally to be required. It provides for a hearing at which the defendant is entitled to counsel, compulsory process and cross-examination of witnesses.

18 U.S.C. § 3575(b) (1976). It also requires the sentencing judge to place his findings on the record in order to allow meaningful appellate review. *Id.; see Felder,* 706 F.2d 135 at 141.

*Specht* does not hold, as appellant argues, that due process requires all findings made by the sentencing judge to be based on proof beyond a reasonable doubt.[1] To determine whether due process requires that standard of proof in this type of sentencing proceeding, we must balance the defendant's liberty interest, the risk of erroneous deprivation of that interest, and the government's interest in protecting the community. *See Addington v. Texas,* 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979); *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). Examining those interests, we cannot disagree with the Fourth, Fifth, Sixth, Seventh, and Tenth Circuits, which have specifically held that the preponderance standard passes constitutional muster.

■ Appellant also argues that the definition of dangerous in section 3575(f) is unconstitutionally vague. Again, five courts of appeals have considered and rejected that vagueness challenge. *See Schell,* 692 F.2d at 675–76; *Williamson,* 567 F.2d at 613; *Bowdach,* 561 F.2d at 1175; *Neary,* 552 F.2d at 1194; *Stewart,* 531 F.2d at 336–37; *see also Cox,* 556 F.Supp. at 813; *Holt,* 397 F.Supp. at 1399. *But see Duardi,* 384 F.Supp. at 885–86. The dangerous special offender provisions do not make being

"dangerous" a criminal offense, rather they allow a sentencing judge to enhance the punishment for certain individuals convicted—not of being dangerous—but of the underlying felony. *Bowdach,* 561 F.2d at 1175; *Stewart,* 531 F.2d at 336. *But see Lanzetta v. New Jersey,* 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939) (involving statute making it illegal to be a gangster). Our inquiry thus must be whether sentencing judges can apply the statutory definition of dangerousness in a non-arbitrary and non-discriminatory fashion. We believe that they can.

Preliminarily we note that district judges routinely determine whether a defendant is dangerous for the purposes of regular sentencing and setting bail. *See, e.g.,* 18 U.S.C. § 3148 (1976) (permitting release on bail after conviction or in capital cases unless judge finds danger to community). In addition, legislative history clarifies the intended focus of the dangerousness determination for the purpose of section 3575. Congress included the requirement of dangerousness in order to correct a problem with state recidivist statutes, most of which do not require a judge to find a defendant dangerous before sentencing him. S.Rep. No. 617, 91st Cong., 1st Sess. 88 (1969). Congress recognized that such state laws "cast too wide a net" because not every recidivist is likely to engage in criminal conduct again in the future. *Id.* Congress thus intended to narrow the reach of sec-

---

1. In making that argument appellant relies on language in *Specht* that is part of a lengthy quote from *United States ex rel. Gerchman v. Maroney,* 355 F.2d 302, 312 (3d Cir.1966). The quoted language states that "[a] defendant in such a proceeding is entitled to the full panoply of the relevant protections which due process guarantees in state criminal proceedings." *Specht,* 386 U.S. at 609, 87 S.Ct. at 1212. All the courts of appeals which have specifically considered the "full panoply" language in *Specht,* however, have concluded that it does not decide the standard of proof question at issue here. *Schell,* 692 F.2d at 677–78; *Bowdach,* 561 F.2d at 1172–74; *Hollis v. Smith,* 571 F.2d 685, 689–90 (2d Cir.1978); *see* Note, *The Constitutionality of Statutes Permitting Increased Sentences for Habitual or Dangerous Criminals,* 89 Harv.L.Rev. 356, 364–73 (1975).

We agree. The standard of proof question was not before either the *Specht* Court or the *Gerchman* court. Indeed, at the time of the *Specht* decision, *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), which made the proof-beyond-a-reasonable-doubt standard applicable to all state criminal trials, had not yet been decided. *See Bowdach,* 561 F.2d at 1173. Furthermore, we cannot conclude that *Specht* intended fully to equate this type of sentencing proceeding with a criminal trial so as to require identical procedural protections in both contexts. *See generally Bullington v. Missouri,* 451 U.S. 430, 440–41, 446, 101 S.Ct. 1852, 1858–59, 1862, 68 L.Ed.2d 270 (1981) (distinguishing sentencing pursuant to section 3575 from a trial on the question of guilt or innocence).

tion 3575 to cover only "those felons whose prior convictions make them likely to repeat" and thus to pose a threat to society. *Id.* In keeping with that purpose, the dangerousness inquiry should focus on the likelihood of future criminality, given the defendant's past record, the presentence report, the nature of the present offense, and the defendant's attitude. *Neary,* 552 F.2d at 1194. In *United States v. Warme,* 572 F.2d 57 (2d Cir.), *cert. denied,* 435 U.S. 1011, 98 S.Ct. 1885, 56 L.Ed.2d 393 (1978), the Second Circuit phrased the inquiry as whether the "nature and frequency of defendant's previous encounters with the law," as well as the other information contained in the presentence report, indicate that the defendant "has no regard for the law and the rights of the public." *Id.* at 62. It noted that the statute does not require a finding that the defendant has a "propensity to cause physical harm to others" in order to satisfy the dangerousness requirement. *Id.* Given its focus on the probability that the defendant will engage in future criminal conduct, we conclude that the statutory definition of dangerousness is not unconstitutionally vague. In so concluding, we join the Fourth, Fifth, Sixth, Seventh, and Tenth Circuits.

■ Appellant raises another vagueness challenge to the statute. He argues that the portion of section 3575(b), which provides that the sentence imposed on a dangerous special offender must be "appropriate" and "not disproportionate in severity" to the maximum term of imprisonment for the underlying felony, is unconstitutionally vague. He contends that such language provides "no realistic standards for imposing punishment." Brief of Appellant at 22. The Sixth Circuit rejected that challenge in *United States v. Stewart,* 531 F.2d at 330–35, and we also reject it.

Admittedly the proportionality language in section 3575 does not give explicit directions to the judge on how to impose a sentence. As we recognized in *Felder,* 706 F.2d 135 at 140, Congress could have adopted a statute which specified the maximum allowable dangerous special offender sen-

tence in terms of a fixed multiple of the maximum sentence for the underlying felony. Congress did not do so, and we do not believe that the decision to provide flexibility in sentencing under section 3575 renders the statute constitutionally infirm.

The purpose of the proportionality language in section 3575 is to ensure that "the sentence for an offense remain[s] at least partially focused on that offense rather than on prior conduct or other factors." *Felder,* 706 F.2d 135. at 138–39. Relying on the legislative history of section 3575, in *Felder* we suggested guidelines for sentencing judges in effectuating that purpose:

In order to give effect to the proportionality requirement, the court imposing a sentence under the dangerous special offender provision must keep sight of the fact that the maximum sentence for the underlying felony is the only legitimate base for a proportional section 3575 sentence. In that way the underlying felony, which is the reason that the defendant is in court in the first place, will retain its central place in sentencing. The extent to which that sentence should be augmented will depend on a number of factors, such as the nature and seriousness of the conduct which led to the defendant's characterization as a dangerous special offender in the first place. Thus, for defendants characterized as dangerous special offenders because of recidivism . . . the number, type and time of the prior offenses will be relevant, as well as "information about the defendant, his crime, and the context in which it was committed."

*Id.* at 140 (quoting S.Rep. No. 617, 91st Cong., 1st Sess. 91 (1969)); *cf. Williamson,* 567 F.2d at 616 (examining nature of underlying offense, legislative purpose of section 3575, and punishment authorized by other recidivist statutes to determine proportionality).

Given those guidelines we believe that sentencing judges can implement the proportionality requirement in a non-arbitrary and non-discriminatory fashion. It is true that sentencing under section 3575 leaves

much to the discretion of the sentencing judge, but so indeed does normal sentencing. Unlike normal sentencing, however, the dangerous special offender provisions provide a substantial check on the exercise of that discretion in the form of broad appellate review pursuant to 18 U.S.C. § 3576 (1976). *See United States v. DiFrancesco,* 449 U.S. 117, 142–43, 101 S.Ct. 426, 440–41, 66 L.Ed.2d 328 (1980); *Felder,* 706 F.2d 135 at 137–38. We therefore reject appellant's contention that the proportionality requirement in section 3575(b) is too vague to assure fair sentencing.

▆ In addition to attacking the constitutionality of section 3575, appellant also attacks the particular sentence imposed on him pursuant to that statute. He argues that we should vacate his twelve-year sentence because it is disproportionate in severity to the two-year maximum authorized by 18 U.S.C.App. § 1202(a)(1) (1976) for the possession of firearms by a felon.

In *Felder* the district judge also gave the defendant a twelve-year sentence pursuant to section 3575 after a jury convicted him of violating 18 U.S.C.App. § 1202(a)(1) (1976). We remanded for resentencing in that case, not because we concluded that the twelve-year sentence was disproportionately severe, but instead because there was no indication in the record that the district judge had taken the proportionality requirement into consideration when he imposed the sentence. *Felder,* 706 F.2d 135 at 141. We declined to adopt a rigid ratio of proportionality in *Felder. Id.* at 140. Similarly, here we cannot hold that a sentence that is six times the maximum authorized for the underlying felony will always be disproportionate as a matter of law. *See United States v. Williamson,* 567 F.2d at 616–17 (rejecting proportionality challenge to eight-year sentence imposed pursuant to section 3575 for violation of statute carrying a two-year maximum); *see also United States v. Moccia,* 681 F.2d 61, 66 (1st Cir. 1982) (rejecting proportionality challenge to fifteen-year sentence imposed pursuant to dangerous special drug offender provision,

21 U.S.C. § 849 (1976), for violation of statute carrying an eight-year maximum).

In reviewing the particular sentence in this case, we note preliminarily that we are not faced with the problem that we faced in our attempt to review the sentence in *Felder.* The district judge in this case specifically recognized the statutory proportionality requirement and carefully recited his reasons for imposing the twelve-year sentence. Furthermore, his reasons are completely consistent with our guidelines in *Felder.*

In this case the judge carefully considered the seriousness of the firearms offense to which appellant had pled guilty. Supp. app. at 16a, 18a. He then detailed the nature of appellant's conduct leading to his classification as a dangerous special offender. *Id.* at 16a–19a. He noted that appellant had been arrested twenty-eight times and had been convicted of eleven crimes, six of which were felonies. One of his convictions was for atrocious assault and battery, and another was for murder. Both of those crimes involved firearms. Appellant had been convicted of two state weapons violations, and he had also been convicted on two previous occasions of violating 18 U.S.C.App. § 1202(a)(1) (1976). Another conviction was for the distribution of heroin in violation of 21 U.S.C. § 841(a) (1976). Focusing on appellant himself, the judge noted that he had no roots in the community, was not married, had no regular residence, no regular employment and no regular income. The judge further indicated that appellant had been granted probation in many of his convictions and had not succeeded on probation. He also noted that appellant had been arrested on drug charges even while out on bail in this case. The judge then concluded that given appellant's record of violence with firearms as well as his other serious offenses, "only a substantially enhanced period of incarceration will serve the congressional purposes" of section 3575. *Id.* at 16a. Before imposing the twelve-year sentence, the judge specifically took note of the proportionality requirement and concluded that the sentence which he was imposing was not dis-

proportionate in severity to the maximum term for the underlying felony. *Id.* Reviewing all the reasons recited by the district court and the particular facts in this case, specifically appellant's history of criminal conduct involving the use and possession of firearms, we see no reason to disturb the twelve-year sentence.[2]

■ Appellant's final argument is either that his conviction must be reversed or that his sentence must be vacated because his counsel (not his lawyer on appeal) did not inform him until the day that he changed his plea to guilty that the government was requesting the dangerous special offender classification in this case. Appellant phrases his claim as a violation of section 3575's notice requirement. The statute requires only that the government give notice under seal to the court of its intent to request the dangerous special offender classification within a reasonable time before trial or before the court accepts a plea of guilty. 18 U.S.C. § 3575(a) (1976). Here the government clearly satisfied that statutory requirement. It filed its notice with the court on November 21, 1981, and served the notice on appellant's counsel shortly thereafter. Supp. app. at 37a. Appellant entered his guilty plea roughly four months later.

Appellant's claim, therefore, is essentially a claim of ineffective assistance of counsel. His argument is that his counsel's failure to inform him of the government's request prevented him from making a knowing and intelligent decision to change his plea to guilty. Generally, however, appellate courts are unable to consider ineffective assistance of counsel claims on direct appeal because they involve allegations and evidence outside the trial record. *United States v. Frankenberry,* 696 F.2d 239, 241–42 (3d Cir.1982); *United States v. Sturm,* 671 F.2d 749, 750–51 (3d Cir.) (per curiam), *cert. denied,* —— U.S. ——, 103 S.Ct. 95, 74

L.Ed.2d 86 (1982); *United States v. Rad-O-Lite of Philadelphia, Inc.,* 612 F.2d 740, 743–44 (3d Cir.1979); *United States v. Garcia,* 544 F.2d 681, 684 n. 1 (3d Cir.1976). In this case, for example, there is no way that we can determine from the record whether appellant's lawyer ever discussed the consequences of sentencing under section 3575 with him before the day of the hearing where appellant changed his plea. The record does show, however, that the judge carefully explained those consequences to appellant at the time of his change-of-plea hearing. Supp. app. at 4a–6a, 9a.

Without expressing any opinion on the merits of appellant's claim, we decline to review it on direct appeal. Our disposition is without prejudice to appellant's ability to pursue his claim in a collateral proceeding pursuant to 28 U.S.C. § 2255 (1976). At that time the district court will be able to develop an appropriate factual record.

### III.

For the reasons expressed in this opinion, we will affirm the judgment of sentence.

---

**2.** To the extent that appellant may also be raising an eighth amendment claim, *see* Brief of Appellant at 25, we reject it. *See Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (mandatory life sentence under recidivist statute for individual convicted of third

property-related felony does not violate eighth amendment); *Graham v. West Virginia,* 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1912) (mandatory life sentence under recidivist statute for individual convicted three times of horse-theft does not violate eighth amendment).