UNITED STATES of America,
Plaintiff,

v.

James S. DUARDI et al.,
Defendants.

No. 23939-1.

United States District Court,
W. D. Missouri, W. D.

Sept. 17, 1974.

Bert C. Hurn, U. S. Atty., Gary Cornwell, Strike Force, Kansas City, Mo., for plaintiff.

Michael J. Drape, Kansas City, Mo., for Duardi.

Lawrence F. Gepford, Kansas City, Mo., for Brancato.

David R. Freeman, Federal Public Defender, Kansas City, Mo., for Bishop.

Patrick A. Williams, Tulsa, Okl., for King.

Roehm A. West, Tulsa, Okl., for Husong.

Stephen Jones, Oklahoma City, Okl., for Grayson.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

The Court has received the evaluations and recommendations of the Director of the Bureau of Prisons made pursuant to § 4208(b), Title 18, United States Code, in accordance with the sentences imposed in regard to each defendant in the above entitled case. Counsel for the respective defendants, in accordance with the established practice of this Court, will be advised by the Probation Office of their right to examine and review the evaluations and recommendations. Further proceedings must be directed before final sentences are imposed.

The files and records of this case show that prior to the trial of this case, the government, pursuant to § 3575, Title 18, United States Code, filed an *in camera* notice with another judge of this Court which sought to have each defendant subjected to the "dangerous special offender" sentencing procedures provided in §§ 3575-3578, Title 18, United States Code. In our Memorandum and Order of January 2, 1973, 384 F.Supp. 856, we stated the following:

The complicated procedure established by those sections make clear that even though one may be found to be a "special offender" within the meaning of § 3575(e), he may not properly be sentenced under that section unless he also be found to be "dangerous" within the meaning of § 3575(f). Subsection (f) expressly

provides that a defendant may be considered to be "dangerous" for purposes of sentencing only if it is determined that "a period of confinement longer than that provided for such felony is required for the protection of the public from further criminal conduct by the defendant."

The legislative history of § 3575 makes clear that both a finding that a particular defendant is a "special offender" within the meaning of subsection (e) and also is "dangerous" within the meaning of subsection (f) must be made before the procedures outlined in that section may be utilized. See Assistant Attorney General Will Wilson's letter of September 9, 1970 to the Chairman of the House Judiciary Committee in which he stated that "if a court finds that the usual maximum term for the felony, or any lesser term, is all that should be imposed, by definition the court could not find the defendant to be a dangerous special offender." (1970 U.S.Code Cong. & Admin.News, p. 4066). The Department of Justice made clear that § 3575 was "designed to deal primarily with the organized crime offender," and that "an offender must not only come within these criteria [defining special offender], but must be found by the court to be 'dangerous' in the sense that confinement longer than that ordinarily provided for the crime of which he has been convicted is required to protect the public from further criminal conduct by him" [Ibid, p. 4067].

In our Memorandum Opinion and Order directing further proceedings dated February 28, 1973, 384 F.Supp. 861, particular attention was focused on the blanket Section 3575 notice originally filed in this case. We there noted that "[t]he [§ 3575] notice filed in this case does not set anything out with particularity" as required by law, and that "[n]o reasons whatsoever are stated in the notice which would indicate any reason why the government believes that any particular defendant in this case is 'dangerous' within the meaning of § 3575(f)."

The transcript of the proceedings at which the Court ordered the § 4208(b) studies which sought the recommendation of the Director of the Bureau of Prisons in regard to final sentencing of each defendant shows that such § 4208 (b) sentences were imposed with the approval of all parties in accordance with this Court's letter of April 12, 1973 to Special Attorney Michael DeFeo.

That letter reiterated for the third time this Court's judgment that the notice initially filed pursuant to § 3575 did not comply with the explicit requirements of § 3575(a) but suggested that it was procedurally possible for the government to seek leave to amend its original notice as permitted under the provisions of § 3575(a) after receipt of a § 4208(b) study. The April 12, 1973 letter explained the procedural situation which would be presented in the event the defendants exercised their right of immediate appeal in regard to the Section 4208(b) sentences imposed, should the judgments of conviction be finally affirmed. In that connection the April 12, 1973 letter stated the following;

> . . . should the defendants appeal immediately after the imposition of a § 4208(b) sentence, and should the conviction eventually be affirmed, and the study is carried out as ordered and the Court has in hand the recommendation of the Director of the Bureau of Prisons, the government could not under any circumstances be said to have waived, or that it was estopped from at that time, and in light of the recommendation from the Director of the Bureau of Prisons, to seek leave to file a proper amendment to its presently defective § 3575(a) notice and to then try to convince this Court that a particular defendant should be considered as "dangerous" within the meaning of § 3575(f).

As counsel will note from their examination of the recommendation of the Director of the Bureau of Prisons, there is no recommendation in regard to any of the defendants for a period of confinement which approaches the maximum five year sentence which the Court is authorized to impose under the circumstances of this case. It would seem obvious that if the Court should follow the recommendation of the Director of the Bureau of Prisons, or should it decide a lesser sentence be imposed, that none of the defendants could properly be subject to the provisions of Sections 3575–3578, Title 18, United States Code.

■ We recognize, of course, that the recommendation of the Director of the Bureau of Prisons is in no way conclusive in regard to whether any of the defendants may properly be considered "dangerous" within the meaning of Section 3575(f). On the other hand, we believe it equally obvious that such a recommendation is highly relevant data to be considered as to whether or not any of the defendants may properly be considered as a person who requires "a period of confinement longer than that provided for such felony . . . for the protection of the public from further criminal conduct by the defendant," as provided in § 3575(f).

We do not at this time make any adjudication in regard to the question which may eventually be presented for the reason that the agreed procedures under which the § 4208(b) studies were ordered contemplated that the government would be permitted an opportunity "to seek leave to file a proper amendment to its presently defective § 3575 (a) notice." The question may never be presented for final determination. For the government may decide in light of the recommendation of the Director of the Bureau of Prisons, or for other reasons, not to seek leave to file an amended Section 3575 notice. Or the Court may conclude that any amended notice which may be filed is not sufficient to invoke the procedures set forth in Sections 3575–3578. In any event, it is necessary that further proceedings must be directed in order to afford the government the opportunity to state its position under the circumstances.

■ We have carefully reviewed our memoranda opinions dated January 2, 1973 and February 28, 1973 and indicate our agreement with the principles of law stated therein. We reiterate the necessity for production by the government of the type of data which it considers to be relevant and material in the event it should seek to invoke the sentencing procedures provided in Sections 3575–3578. Should the government file an application seeking leave to amend its defective § 3575(a) notice, its suggestions in support of leave shall include, but not be limited to, production of the data heretofore ordered in the earlier orders of this Court dated January 2, 1973 and February 28, 1973. Failure to so comply shall be considered grounds for denying any application for leave to file an amended Section 3575(a) notice.

For the reasons stated, it is

ORDERED (1) that on or before September 30, 1974, the government may prepare, serve, and file a proper application seeking leave to file a proper amendment to its presently defective § 3575(a) notice. Should such an application be filed, the government shall attach thereto as an exhibit the amended notice or notices which the government would in fact file, in the event leave of Court is granted.

Should the government conclude in light of the recommendations made by the Director of the Bureau of Prisons, or for any other reason, not to seek leave to file any amendment to its defective § 3575(a) notice, it shall so indicate by the same date, in which event the case will be placed on the docket for immediate sentencing of all defendants. It is further

ORDERED (2) that in the event the government does file an application seeking leave to file a properly amended

§ 3575 notice or notices, the defendants are granted leave to file motions to strike both the original and the amended notice on or before October 10, 1974. It is further

ORDERED (3) that any application seeking leave to file a properly amended § 3575 notice or notices and any motions which may be filed by the defendants under the circumstances shall in each instance be supported by appropriate suggestions in support of the application and motion, as the case may be. The Court will direct further appropriate proceedings dependent upon the filings made pursuant to this order.