**UNITED STATES of America,**

v.

**Robert A. SUTTON.**

**Crim. No. 534–73.**

United States District Court,
District of Columbia.

June 25, 1976.

Earl J. Silbert, U. S. Atty., Robert P. Palmer, Roger C. Spaeder, Asst. U. S. Attys., Washington, D. C., for the U. S.

Aaron J. Jaffe, New York City, for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

On December 10, 1973, the defendant and movant herein, Robert A. Sutton, was convicted following a jury trial before this Court of a single count of conspiracy to distribute heroin, see 21 U.S.C. §§ 841(a), 846. The judgment of conviction was thereafter affirmed by the court of appeals, 167 U.S.App.D.C. 210, 511 F.2d 448 (1975), and defendant's petition for certiorari was denied by the Supreme Court, 423 U.S. 925, 96 S.Ct. 269, 46 L.Ed.2d 251 (1975).

On February 20, 1974, defendant was sentenced as a "dangerous special drug offender" pursuant to 21 U.S.C. § 849, and this Court imposed a term of imprisonment from six to eighteen years, with a special parole term of three years. The instant motion, brought under Fed.R.Crim.P. 35, seeks to have the aforesaid sentence vacated on the grounds that: a) the sentencing statute is unconstitutional, b) in the instant case, the government failed to meet the notice requirements set forth in the statute, and c) insufficient evidence was presented to support the Court's finding that the defendant is a "dangerous special drug offender" within the meaning of 21 U.S.C. § 849. For the reasons set forth below, the Court has concluded that in invoking the statute, the government did in fact fail to meet the notice requirements of the statute.[1] Defendant's motion will therefore be granted, and the defendant will be sentenced anew. In light of this disposition, the Court does not reach the other contentions raised in support of defendant's motion.

■ A brief description of 21 U.S.C. § 849 is in order. As with its "sister statute," Title X of the Organized Crime Control Act, 18 U.S.C. §§ 3575–3578, the statute in question was designed to provide a two-tiered sentencing structure which allows a sentencing judge to employ "one maximum sentence applicable to most offenders and a much harsher extended 'special' sentence applicable to the organized crime offender, professional offender and habitual offender." *United States v. Tramunti,* 377 F.Supp. 6, 7 (S.D.N.Y.1974). Under § 849, the United States Attorney may, before a particular defendant comes to trial or pleads guilty to a federal narcotics offense, file a notice alleging that said defendant is a dangerous special drug offender. That notice must meet certain specificity requirements, as discussed more fully below. If the defendant is convicted or pleads guilty, the court sitting without a jury, then conducts a hearing on the government's allegations that the defendant is a dangerous special offender. If the court finds by a preponderance of the evidence that the defendant is such an offender, the defendant may be sentenced to a term of imprisonment as great as twenty-five years. See 21 U.S.C. § 849; *Tramunti, supra,* 377 F.Supp. at 7–8.

In the instant case, the government filed on August 13, 1973, an "Information that Defendant Sutton is a Dangerous Special Drug Offender." A copy of the Information is attached to this opinion and labeled Exhibit A. On January 18, 1974, after trial and conviction, the government also filed a memorandum with respect to the sentencing of defendant Sutton. On February 20, 1974, the government presented evidence at a hearing before the Court in support of its contention that Sutton was a dangerous special drug offender. Sutton was sentenced at that same hearing, as noted above, to a term of six to eighteen years' imprisonment with a special parole term of three years.

■ The defendant alleges in the instant motion that the government did not meet its responsibilities under 21 U.S.C. § 849 to set out "with particularity" in its pre-trial notice the reasons why the government believed the defendant to be a dangerous special drug offender. In assessing this allegation, the Court takes note of that which has been stressed in the few cases which have dealt with this statute: the statute contains separate and distinct definitions of "special" and "dangerous", and the government must therefore give specific notice of why it believes a defendant to be both dangerous and special, and must subsequently prove both of those elements, in order to trigger the § 849 sentencing mechanism. See 21 U.S.C. §§ 849(a), (e), & (f); *United States v. Duardi,* 384 F.Supp. 856 ("*Duardi I*") & 384 F.Supp. 861 ("*Duardi II*") (W.D. Mo.1973), *aff'd,* 529 F.2d 123 (8th Cir. 1975) (construing "sister statute" 18 U.S.C.

---

1. The defendant has also moved for a reduction of sentence under Rule 35, appealing to the Court's discretion. The Court will take into account defendant's motion in this regard when it re-sentences defendant, pursuant to the Order issued of even date herewith.

§§ 3575–3578); *United States v. Kelly,* 384 F.Supp. 1394 (W.D.Mo.1974), *aff'd,* 519 F.2d 251 (8th Cir. 1975) (construing "sister statute"). Thus, in order to establish that a defendant is a special drug offender under the statute, the government must give specific notice and prove that the defendant: a) has two or more convictions involving dealings in controlled substances (plus other conditions), see 21 U.S.C. § 849(e)(1); b) committed the offense for which the statute is invoked as part of a pattern of dealing in narcotics which constitutes a substantial source of that offender's income and in which the offender manifests special skill or expertise, see § 849(e)(2); *or* c) committed said offense in furtherance of a conspiracy with three or more other persons to engage in a pattern of dealing in narcotics, in which the defendant served/to initiate, organize, plan, finance, direct, manage or supervise all or part of such conspiracy, see § 849(e)(3). In order to establish that a defendant is a dangerous drug offender under the statute, the government must give specific notice and prove that a period of confinement longer than that provided for the offense with which he is charged is required for the protection of the public from further criminal conduct by the defendant. 21 U.S.C. § 849(f).

 In the instant case, the government's notice that the defendant was a special offender consisted essentially of a recitation of 21 U.S.C. § 849(e)(3):

"... the defendant Sutton committed the violation alleged in count one of the ... indictment, which violation was in furtherance of a conspiracy with more than three persons to engage in a pattern of dealing in controlled substances which was criminal under the laws of the United States, and the defendant Sutton did initiate, organize, plan, finance, direct, manage and supervise part of such conspiracy and dealing."

See Information of Aug. 13, 1973, attached as Exhibit A hereto.

This is exactly the type of notice filed both in *Tramunti, supra,* and *Duardi, supra.* In each case, the notice was found insufficient to trigger the sentencing mechanism of the statute because of a lack of specificity. As the *Duardi* II court wrote:

"The notice filed in this case does not set anything out with particularity. Indeed, the single sentence which apparently purported to set out 'with particularity the reasons why such attorney believes the defendant to be a dangerous special offender' is confined to a conclusory statement which did no more than paraphrase the definition for a 'special offender' within the meaning of [subsection (e)(3)]." 384 F.Supp. at 864.

The *Duardi* and *Tramunti* decisions establish that mere paraphrasing of the relevant subsection of the statute does not meet the statute's specificity requirements.[2] For this reason alone, this Court must find the government's notice in the instant case insufficient.

 But the government's notice reveals even greater shortcomings when the "dangerousness" element is considered. Although the notice alleges that Sutton is a dangerous special drug offender, it contains no reasons, as required by the statute, as to why "such attorney believes the defendant to be a dangerous . . . offender." 21 U.S.C. § 849(a). In fact, the notice does not even go as far as the rejected notice in *Kelly, supra,* wherein the government at least paraphrased the "dangerousness" subsection; in the instant case, the government's notice seems to "ignore the Congressional command that it must include in its notice . . . *both* that a particular defendant is a 'special offender' . . . . *and* is also 'dangerous' . . . ." *Duradi* II, *supra,* 384 F.Supp. at 869 (emphasis added).

---

2. In the Tramunti case, Judge Duffy noted: "It is not clear whether a statement in the 'special dangerous' notice to the effect that the government intended to rely on the trial record would have satisfied the 'particularity' requirement of Section 849(a), and since the

notice in this case contained no such statement, I do not reach that question." 377 F. Supp. at 10.
Exactly the same situation exists in the instant case, and the Court therefore adopts the same resolution.

It thus seems clear that the government failed to meet the dictates of the statute. But the government asserts that its memorandum with respect to sentencing of defendant Sutton, filed after the trial and conviction of the defendant, constitutes an amendment which cures the insufficiencies of the original notice. The question of whether the notice required by the statute in question can be amended *after* trial was considered fully by the *Kelly* court; the court reached the conclusion that the notice cannot be so amended, inasmuch as the statute clearly requires full notice *before* trial. *Kelly, supra,* 384 F.Supp. at 1400–01; see also *Duardi* IV, 384 F.Supp. 874, 879. Moreover, even if this Court were to allow such an amendment, it seems clear that the memorandum is just as insufficient on the question of "dangerousness" as the original notice; no reasons are given as to why the government believed a longer-than-usual sentence necessary "for the protection of the public from further criminal conduct by the defendant." 21 U.S.C. § 849(f).

There is yet another procedural ground on which the notice in this case must be rejected. The clear language of the statute requires that the notice *not* be filed with the trial judge, unless all parties consent. The notice in this case was apparently filed with the Court, and the Court recalls no stipulation of consent with respect to such filing.[3] In *Tramunti, supra,* the fact that the notice was filed with the Court constituted an independent ground on which to find the notice procedurally defective.[4] The same situation apparently obtains in the instant case, and the same result is therefore dictated.[5]

The government notes that the defendant failed to raise in the court of appeals the issues raised herein. However, the conclusion compelled by the discussion above is that the sentence imposed on defendant Sutton was contrary to the statute and therefore illegal within the meaning of Fed.R.Crim.P. 35; for, specific statutory pre-conditions necessary for the application of the sentencing provision were not fulfilled.[6] Therefore, as an illegal sentence, defendant's confinement can be challenged "at any time,"[7] and it is irrelevant to such a challenge if the same issues were not raised on appeal from the conviction.[8]

The Court concludes by noting that it does not desire to be viewed as being overly critical of the government. When the sentencing statute was invoked in this case, neither the Court nor the government had the benefit of the recent cases discussed above. It is certainly understandable that

3. Even if the government did comply in this regard, its notice is nonetheless defective, for the reasons discussed above.

4. *But see United States v. Holt,* 397 F.Supp. 1397 (N.D.Tex.1975).

5. In discussing this point indirectly in its opposition to this motion, the government makes an interesting, and presumably unintended, admission with respect to the sufficiency of its original notice. The government first characterizes *Tramunti*—incorrectly—as a case decided solely on the grounds that the notice was filed with the presiding judge. It then claims that such a situation is not present in the instant case because "the government did not file its notice until January 18, 1974 . . . after the finding of guilt." Government's opposition at 2 (footnote omitted). The government thus apparently does not view its own pre-trial information filed in this case as worthy of the title of "notice."

6. *See* 2 Wright, *Federal Practice and Procedure* § 582, at 552–53 (1969); *see also Llerena v. United States,* 508 F.2d 78, 80–81 (5th Cir. 1975).

7. Fed.R.Crim.P. 35. Even if this motion were viewed as one to "correct a sentence imposed in an illegal manner" under Rule 35, it would still be timely, for it was filed, in accordance with the Rule, "within 120 days after entry of [an] order . . . of the Supreme Court denying review of . . . a judgment of conviction."

8. *United States v. Lopez,* 428 F.2d 1135, 1138 (2d Cir. 1970). The government also finds it significant that the defendant raised some of the issues raised herein in his petition for certiorari, which was denied. In this regard, the Court commends to the government the opinion of Mr. Justice Frankfurter in *State of Maryland v. Baltimore Radio Show,* 338 U.S. 912, 70 S.Ct. 252, 94 L.Ed. 562 (1950), a pertinent portion of which follows:

"... this Court has rigorously insisted that such a denial carries with it no implication whatever regarding the Court's views on the merits of a case which it has declined to review. The Court has said this again and again; again and again the admonition has to be repeated." *Id.* at 919, 70 S.Ct. at 255.

**1328**

there would be some confusion as to the proper method of invoking a statute which, at that time, was relatively new and had rarely been invoked.

An Order granting defendant's motion for correction of sentence and providing for his re-sentencing will be issued of even date herewith.

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

ZEBADEE JENKINS, ET AL.

Criminal Case No. 534–73

INFORMATION THAT DEFENDANT SUTTON
IS A DANGEROUS SPECIAL DRUG OFFENDER

The United States Attorney, pursuant to 21 U.S. Code § 849(a), hereby informs the Court that the defendant Robert A. Sutton is a "Dangerous Special Drug Offender" as defined by 21 U.S. Code § 849(e)(3), in that the defendant Sutton committed the violation alleged in count one of the above-captioned indictment, which violation was in furtherance of a conspiracy with more than three persons to engage in a pattern of dealing in controlled substances which was criminal under the laws of the United States, and the defendant Sutton did initiate, organize, plan, finance, direct, manage and supervise part of such conspiracy and dealing.

The defendant Sutton is therefore subject to the increased punishment provided for by 21 U.S. Code § 849(b), for a person found to be a dangerous special drug offender.

s/ Harold H. Titus, Jr.
HAROLD H. TITUS, JR.
United States Attorney

s/ Roger C. Spaeder
ROGER C. SPAEDER
Assistant United States Attorney