Robert J. MARSHALL,
Petitioner-Appellee,

v.

UNITED STATES of America,
Respondent-Appellant.

No. 76–2032.

United States Court of Appeals,
Ninth Circuit.

March 1, 1978.

Rehearing and Rehearing En Banc
Denied June 5, 1978.

Lawrence J. Semenza (argued), Las Vegas, Nev., for respondent-appellant.

William P. Daley (argued), Oakland, Cal., for petitioner-appellee.

Before HUFSTEDLER and KILKENNY, Circuit Judges, and GRANT, District Judge.*

GRANT, District Judge.

The appellee to this proceeding, Robert Marshall, is a federal prisoner incarcerated at the McNeil Federal Penitentiary in Steilacoom, Washington. He has challenged his sentencing, pursuant to the Dangerous Special Offenders Sentencing Statute, 18 U.S.C. § 3575, *et seq.*, on both statutory and constitutional grounds. On February 5, 1976, the district court granted his motion to vacate the sentence and ordered that he be resentenced, exclusive of the Dangerous Special Offenders Statute from which judgment the government instituted this appeal. Jurisdiction here is properly based upon 28 U.S.C. § 1291.

On January 14, 1974, Marshall was convicted on four counts of unregistered possession and illegal transfer of two fragmentation hand grenades, in violation of 26 U.S.C. § 5861. Prior to the trial, the government filed notice with the court, and Marshall, that it intended to proceed against the defendant pursuant to the Dangerous Special Offenders Statute and, on March 29, 1974, the district court held a hearing on the question of sentencing. At the conclusion of the evidence, the court ruled that Marshall was a "dangerous offender". Marshall was then sentenced to twenty years on each count, to be served concurrently, but consecutively to an unrelated sentence he had already begun.

On direct appeal to this court, *United States v. Marshall*, No. 74–2120 (9th Cir. June 12, 1975), it was argued that the district court erred by not giving reasons, in the record, for withholding the pre-sentence report. We held there that since an objection was not lodged below, the omission could not be challenged for the first time on appeal. Marshall also contended that his sixth amendment right of confrontation had been violated by the admission of hearsay testimony at the trial court hearing on the issue of whether the sentencing should be pursuant to the Dangerous Special Offenders Statute. While we noted that this issue was a substantial one, we specifically held that: "[S]ince appellant also failed to raise this issue in the district court, he may not now do so on this direct appeal. His remedy is under 28 U.S.C. § 2255." *United States v. Marshall, supra.*

Apparently, as a result of our language, Marshall filed a § 2255 motion on October 29, 1975. On February 5, 1976, the motion was granted without a hearing. The district court Order states specifically that all but one of Marshall's contentions, raised by way of § 2255, were without merit. The court then went on to state that it agreed with the case of *United States v. Kelly*, 519 F.2d 251 (8th Cir. 1975), and that as a result Marshall's sentence was ordered vacated. We can only assume that since the district

---

* Senior District Judge Robert A. Grant of the District of Indiana is sitting by designation. United States District Court for the Northern

court Order relied upon *Kelly*, a case involving notice of intention to invoke the Dangerous Special Offenders Act, that the granting of this § 2255 motion also hinged on this single issue of notice.

It is upon that basis that we now must reverse. Our earlier opinion in this matter was clear that a constitutional challenge to the Dangerous Special Offenders Statute would have been proper pursuant to a § 2255 motion. Specifically, the language of our opinion indicated that a § 2255 motion challenging whether or not the sixth amendment to the constitution was violated when hearsay evidence was used at the sentencing hearing would have been appropriate. Nevertheless, the district court erroneously linked its determination concerning notice to our statement on the potential constitutional problem in relation to the admittance of hearsay testimony.

 While Marshall has framed his notice arguments in constitutional terms, it seems clear that a statutory requirement is involved. Our suggestion on direct appeal that Marshall could collaterally raise his constitutional challenge to the admission of hearsay evidence, pursuant to 28 U.S.C. § 2255, does not sanction Marshall's subsequent attempt to raise the additional, unrelated issue of non-compliance with the statutory notice requirement. The district court's reliance on *Kelly* makes it clear that it, too, understood Marshall's claim to be an issue of statutory construction. It is true that constitutional claims may be raised in collateral proceedings even if the defendant failed to pursue them on appeal. *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *Kaufman v. United States*, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969). However, non-constitutional issues are proper for collateral attack only when some type of extraordinary discrepancy is alleged. In *Hill v. United States*, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), the Supreme Court stated in reference to the failure of the trial court to ask a defendant if he had anything to say before sentencing:

It is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. It does not present "exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27, 59 S.Ct. 442, 446, 83 L.Ed. 455. 368 U.S. at 428, 82 S.Ct. at 471.

Thus, it has developed that non-constitutional claims are not proper for collateral review unless a "fundamental defect" is asserted which would lead to a "complete miscarriage of justice". The Supreme Court has re-enunciated this rule on several occasions. Most recently, in *Stone v. Powell*, 428 U.S. 465, at 477 n.10, 96 S.Ct. 3037, at 3043, 49 L.Ed.2d 1067 (1976), the Court observed that, "Despite the expansion of the scope of the writ, there has been no change in the established rule with respect to non-constitutional claims." *See also Davis v. United States*, 417 U.S. 333, at 345, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *Sunal v. Large*, 332 U.S. 174, at 178, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947).

 Here, the statutory issue of notice does not present the "exceptional circumstances" constituting the type of fundamental defect contemplated in *Hill*. While Marshall's § 2255 motion was *pro se*, he was represented by counsel on his prior direct appeal to this court. Thus, no allegation can be made that the equities of this case require us to now hear this issue by way of § 2255. Further, notice was provided by the government in this case and it was sufficient to impart knowledge upon Marshall of the intention to proceed pursuant to the Dangerous Special Offenders Statute. Therefore, Marshall has no complaint that his due process right to proper notice under the Dangerous Special Offenders Statute was violated. *Hill v. United States*, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *Oyler v. Boles*, 368 U.S. 448, 182 S.Ct. 501, 9 L.Ed.2d 446 (1962). Marshall's alleged discrepancy involves the limited question as to

whether or not the notice was specific enough to meet the language requirements of the statute. While we do not mean to imply that this is not an important issue, in *Hill*, a case dealing with the alleged failure to comply with Rule 32(a) of the Federal Rules of Criminal Procedure, the Court stated:

> Whether § 2255 relief would be available if a violation of Rule 32(a) occurred in the context of other aggravating circumstances is a question we therefore do not consider. We decide only that such collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule.

368 U.S. at 429, 82 S.Ct. at 472. *See also Sunal v. Large*, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). Accordingly, under the circumstances, we do not feel review pursuant to 28 U.S.C. § 2255 is warranted.

■ The point is also made that possibly this motion for relief pursuant to § 2255 should be converted into a motion to correct an illegal sentence under Federal Rule of Criminal Procedure 35, and thus be controlled by *United States v. Garrett*, 565 F.2d 1065 (1977). However, we would prefer to follow the guidance, by analogy, of *Sunal v. Large* where it was stated, "So far as convictions obtained in federal court are concerned, the general rule is that the writ of *habeas corpus* will not be allowed to do service for an appeal." 332 U.S. at 178, 67 S.Ct. at 1590 (1947). Specific language in *Hill* makes it clear that consideration of a Section 2255 motion as one under Rule 35 is of a permissive nature and is not mandatory upon the Court. Further, *Hill* continues by saying that Rule 35 was not designed to "[R]e-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." 368 U.S. at 430, 82 S.Ct. at 472. Here, the appellant would challenge the notice received under the Dangerous Special Offenders Statute even though the record shows that that notice was given long before the sentencing. Thus, in this situation, where, as here, Marshall was represented by counsel at his direct appeal as well as on this current appeal, and where no mention has ever been made in terms of a

Rule 35 motion, we do not now feel compelled to take the affirmative steps necessary to construe this motion as one made under Rule 35.

We, therefore, reverse the District Court judgment for the reason that the issue of adequate statutory notice was not raised on direct appeal.

REVERSED.

HUFSTEDLER, Circuit Judge, dissenting:

The majority opinion holds that Marshall's attack upon the validity of his sentence, based upon the Government's failure to comply with the procedural requirements of 18 U.S.C. § 3575, is not cognizable in a Section 2255 petition. The holding is inconsistent with the language of Section 2255, and the rationale is based upon a misreading of *Davis v. United States* (1974) 417 U.S. 333, 94 S.Ct. 229, 41 L.Ed.2d 109 and *Hill v. United States* (1962) 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 447. Even if there were doubt about the applicability of Section 2255, the refusal of the majority to treat the Section 2255 petition as a Rule 35 motion is an inexplicable departure from the established rule that prisoner petitions are to be decided on the merits, despite mislabeling of the motion or petition.

The district court vacated Marshall's sentence on the sole ground that the Government's failure to comply with the procedural requisites of 18 U.S.C. § 3575, *et seq.*, rendered his sentence illegal. The Government conceded that petitioner's sentence was infirm under *United States v. Kelly* (8th Cir. 1975) 519 F.2d 251, but the Government argued below, and here argues, that *Kelly* was wrongly decided.

I first address the question whether a Section 2255 petition will lie to reach the sentencing error. As the Supreme Court pointed out in *Hill v. United States, supra*, Section 2255 contains two specific provisions relating to relief from sentences: (1) "That the sentence was imposed in violation of the Constitution or laws of the United States;" and (2) the sentence "is otherwise

subject to collateral attack." (368 U.S. at 426–27, 82 S.Ct. at 470.) The *Hill* Court held that a violation of Rule 32(a) is neither a mistake that renders a sentence illegal nor is it an error that can be raised by collateral attack. Accordingly, relief pursuant to Section 2255 was not available to challenge a Rule 32(a) defect.

The reasoning in *Hill*, however, directly supports the conclusion that Marshall could obtain Rule 35 relief from his illegal sentence proceeding by way of Section 2255. The Court explained: "It is suggested that although the petitioner denominated his motion as one brought under 28 U.S.C. § 2255, we may consider it as a motion to correct an illegal sentence under Rule 35 of the Federal Rules of Criminal Procedure. This is correct. *Heflin v. United States*, 358 U.S. 415, 418, 422, 79 S.Ct. 451, 3 L.Ed.2d 407. But as the rule's language and history make clear, the narrow function of Rule 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence. The sentence in this case was not illegal."

The remedies under Rule 35 and Section 2255 to some extent overlap. The statutory authority to attack a sentence under Section 2255, or under Rule 35, is not limited either to constitutional issues or to those non-constitutional issues in which "some type of extraordinary discrepancy is alleged."[1] Thus, in *Davis v. United States, supra*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109, the Supreme Court rejected the Solicitor General's contention that petitioner's claim was not cognizable under Section 2255 because it was not "of constitutional dimension." "[W]e note that the Government's position finds scant support in the text of Section 2255, which permits a federal prisoner to assert a claim that his confinement is 'in violation of the Constitu-

tion *or laws* of the United States.'" (417 U.S. at 344–45, 94 S.Ct. at 2304.) (Emphasis by the Supreme Court.)

We should not be quibbling about whether Marshall, appearing *pro se*, put the right label on his document, "[I]n this area of the law, . . . 'adjudication upon the underlying merits of claims is not hampered by reliance upon the titles petitioners put upon their documents.' . . . *See Helfin v. United States*, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407. Section 2255 explicitly authorizes a prisoner in custody under a sentence imposed by a federal court to attack such a sentence collaterally upon the ground that the sentence 'was imposed in violation of the . . . laws of the United States,' by moving the trial court 'to vacate, set aside or correct the sentence.'" (*Andrews v. United States* (1963) 373 U.S. 334, 338, 83 S.Ct. 1236, 1238, 10 L.Ed.2d 383.) The established rule is that errors in naming the rule or statute under which a defendant is proceeding should not be held against him and, if any relief is available under any of these proceedings, it ought to be given. (*E. g., United States v. Brown* (9th Cir. 1969) 413 F.2d 878; *United States v. Coke* (2d Cir. 1968) 404 F.2d 836 ("Although Coke's application was labeled as under 28 U.S.C. § 2255, Judge Cooper, with the liberality proper in dealing with *pro se* motions, treated it alternatively as a motion under Rule 35."); *Baker v. United States* (8th Cir. 1959) 271 F.2d 190. *See also* 2 C. Wright, *Federal Practice and Procedure*, § 583, p. 564.)

Insistence upon procedural precision means that the already overburdened district court will be required to entertain the identical motion under a different name. Moreover, it is an imposition upon Marshall himself.

Under 18 U.S.C. § 3575, the Government is required to file a pretrial notice stating

---

1. *Stone v. Powell* (1976) 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 and *Sunal v. Large* (1947) 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982, are not in point. Neither case involves an attack on sentencing. *Stone* is limited to federal habeas attacks upon state court judg-

ments based upon claimed violations of the Fourth Amendment. In *Sunal*, the defendant attempted to attack a conviction, from which he took no appeal, complaining about the erroneous exclusion of evidence.

its intention to proceed against the defendant as a dangerous special offender under the sentencing procedures of 18 U.S.C. § 3575(b), if the defendant is convicted. This provision is satisfied by identifying all those individuals against whom the Government intends to proceed under the special sentencing procedure. However, Section 3575(a)(2) sets forth the additional requirement that the pretrial notice must identify "with particularity" the reasons why the prosecuting attorney "believes the defendant to be a dangerous special offender." The notice given by the Government in this case did not even describe the nature of Marshall's prior offenses, let alone any reasons why the prosecutor believed that Marshall was a dangerous offender within the meaning of the statute. The Government contends here, as it did in *Kelly*, that the statute only requires "the Government to select and identify the appropriate category or categories of special offender which the Government intends to prove at the post-trial hearing." "[T]he plain language of the Act itself defeats the Government's argument." (519 F.2d at 255–56.)

We have not heretofore specifically addressed the question whether the failure of the Government to give a notice complying with the statutory requirements of Section 3575 results in an illegal sentence. But in directly analogous situations, applying 21 U.S.C. § 851(b) (*United States v. Garrett* (9th Cir. 1977) 565 F.2d 1065 (following *United States v. Cevallos* (5th Cir. 1976) 538 F.2d 1122). *Cf. United States v. Sutton* (D.D.C.1976) 415 F.Supp. 1323 (holding illegal an enhanced sentence imposed pursuant to 21 U.S.C. § 849, on the ground of insufficient statutory notice, and vacating sentence under Rule 35)), we held that failure to comply with the procedural requisites of enhancement statutes renders illegal the ensuing sentence.

I would affirm the district court.