**UNITED STATES of America, Appellee,**

v.

**Eddie D. COX, Appellant.**

**No. 83–1384.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1983.

Decided Oct. 17, 1983.

Ray Conrad, Federal Public Defender, W.D. Mo., Kansas City, Mo., for appellant.

Robert G. Ulrich, U.S. Atty., Mark J. Zimmermann, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

LAY, Chief Judge.

Eddie Cox appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C.App. § 1202(a)(1) (1976)[1] and his sentence under the Dangerous Special Offender Statute. He alleges that the Dangerous Special Offender Statute[2] is unconstitutional and, alternatively, that the government failed to provide him with proper notice under the statute. We affirm the defendant's conviction and sentence and uphold the constitutionality of the Special Offender Statute.

The record shows that Cox, age 48, is well acquainted with the criminal justice system. Since age 19, the longest he has spent outside of prison has been approximately a year and a half.

On March 16, 1982, defendant was released on parole. On May 19, 1982, he committed the offense of being a felon in possession of a firearm in violation of 18 U.S.C.App. § 1202(a)(1) (1976). Prior to the trial, the prosecution filed a Notice of Dangerous Special Offender. Upon defendant's conviction, the presiding judge, the Honorable Howard F. Sachs, held a hearing to determine whether Cox should be sentenced under the Dangerous Special Offender Statute. Thereafter, the court found him to be a dangerous special offender and imposed a sentence of six years imprisonment.[3]

*Constitutionality*

The defendant initially challenges the statute as being unconstitutionally vague. Specifically, the defendant challenges that section of the statute which provides: "A defendant is dangerous for purposes of this section if a period of confinement longer than that provided for such felony is required for the protection of the public from further criminal conduct by the defendant." 18 U.S.C. § 3575(f). As support for this position, the defendant cites *United States v. Duardi*, 384 F.Supp. 874 (W.D.Mo.1974), *aff'd on other grounds*, 529 F.2d 123 (8th Cir.1975). The district court in *Duardi* stated that the above section did not "establish any legally fixed standard" and further stated that "the language of that section is not sufficiently definite and explicit to avoid application of the recognized constitutional rule against vagueness." *Id.* at 886. On appeal, this court affirmed the trial

---

1. Section 1202 reads in pertinent part:
   (a) Persons liable; penalties for violations
   Any person who—
   (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, ... and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

2. The pertinent parts of the Dangerous Special Offender Statute state:
   Upon any plea of guilty or nolo contendere or verdict or finding of guilty of the defendant of such felony, a hearing shall be held before sentence is imposed, by the court sit-

ting without a jury.... If it appears by a preponderance of the information, including information submitted during the trial of such felony and the sentencing hearing and so much of the presentence report as the court relies upon, that the defendant is a dangerous special offender, the court shall sentence the defendant to imprisonment for an appropriate term not to exceed twenty-five years and not disproportionate in severity to the maximum term otherwise authorized by law for such felony.
18 U.S.C. § 3575(b) (1976 & Supp. V 1981).

3. Absent such a finding, the maximum sentence Cox could have received would have been two years. *See supra* note 1.

court's ultimate findings but did not discuss or decide the constitutional issue.

As we stated in *Postscript Enterprises, Inc. v. Whaley,* 658 F.2d 1249, 1254 (8th Cir.1981) (*quoting Geiger v. City of Eagan,* 618 F.2d 26, 28 (8th Cir.1980)): "Due process has two requirements: that laws provide notice to the ordinary person of what is prohibited and that they provide standards to law enforcement officials to prevent arbitrary and discriminatory enforcement." We then pointed out that, in interpreting statutes, "courts traditionally have relied on the common usage of statutory language, judicial explanations of its meaning, and previous applications of the statute to the same or similar conduct." *Id.* at 1255 (*quoting Balthazar v. Superior Court,* 573 F.2d 698, 700 (1st Cir.1978)).

Dangerousness is certainly not an alien term to trial judges. As the Tenth Circuit has observed: "In bail and sentencing proceedings, trial judges routinely consider a defendant's propensity to engage in future criminal conduct and the potential danger a defendant poses to society. The concept of dangerousness as defined in section 3575 merely articulates considerations underlying any bail or sentencing decision." *United States v. Schell,* 692 F.2d 672, 675 (10th Cir.1982). In *United States v. Williamson,* 567 F.2d 610, 613 n. 7 (4th Cir.1977), the court pointed out:

> Under normal sentencing procedures, the judge has access to many sources, including presentence reports, background information, information on detainers, pending charges and circumstances surrounding prior offenses. When sentencing under § 3575, the judge not only has access to these same resources, but also has the benefit of oral testimony and cross examination. Thus, judges are not unfamiliar with determining what constitutes dangerousness, and the provisions of § 3575 not only present a judge with

another situation in which dangerousness must be evaluated, but they provide him more information on which to base his decision.

■ We find that the notice provided by the statute satisfies the requirements of due process. The concept of "dangerousness" is not so vague as to allow judges to wholly substitute their judgment for that of the Congress. While some discretion is afforded the court in making a finding of dangerousness, such discretion is neither extraordinary nor uncircumscribed. The judge who makes a finding of dangerousness does so with the guidance and direction of empirical data and judicial experience with the criminal justice system. We, therefore, agree with the Fourth, Fifth, Sixth, Seventh, and Tenth Circuits in upholding the constitutionality of the Dangerous Special Offender Statute. *See United States v. Williamson,* 567 F.2d 610, 613 (4th Cir.1977); *United States v. Bowdach,* 561 F.2d 1160, 1175 (5th Cir.1977); *United States v. Neary,* 552 F.2d 1184, 1194 (7th Cir.), *cert. denied,* 434 U.S. 864, 98 S.Ct. 197, 54 L.Ed.2d 139 (1977); *United States v. Stewart,* 531 F.2d 326, 335 (6th Cir.), *cert. denied,* 426 U.S. 922, 96 S.Ct. 2629, 49 L.Ed.2d 376 (1976); *United States v. Schell,* 692 F.2d 672, 675 (10th Cir.1982).[4]

*Notice*

■ Alternatively, Cox contends on appeal that the Notice of Dangerous Special Offender did not meet the notice requirement set forth in *United States v. Kelly,* 519 F.2d 251 (8th Cir.1975). The statute states that the government may file a notice "setting out with particularity the reasons why [it] believes the defendant to be a dangerous special offender." 18 U.S.C. § 3575(a)(2) (1976 & Supp. V 1981). In *Kelly,* the court held that a mere recitation of the statutory language is not sufficient

4. Defendant also contends that the trial court erred in denying his motion to strike surplusage from the indictment. The defendant argues that the prosecution should have accepted his offer to stipulate to a prior felony conviction. We believe this question is sufficiently addressed by our decision in *United States v. Smith,* 520 F.2d 544, 548 (8th Cir.1974), *cert. denied,* 429 U.S. 925, 97 S.Ct. 328, 50 L.Ed.2d 294 (1976), which held that the government is not required to accept a defense stipulation as to a prior conviction.

to satisfy the notice provision of the statute. *Id.* at 255.

We find that, in Cox's case, the particularity requirement of the statute was satisfied. The prosecution's notice recounts the criminal history of Cox from age 19 to the present. Included in the list of crimes for which he has been incarcerated are crimes of violence such as robbery and felony assault. He has been convicted of kidnapping. A federal narcotics conviction also is set forth in the Notice. The prosecution emphasizes the defendant's recidivism.

We reaffirm the holding in *Kelly* that more is required than a mere laundry list of a defendant's convictions. However, the court need not ignore the nature and seriousness of the crimes for which the defendant has been incarcerated. Convictions for kidnapping, assault, and robbery clearly substantiate the prosecutor's allegation of dangerousness. The number as well as the severity of the crimes may be taken into account in deciding whether to sentence the defendant as a dangerous special offender. *See United States v. Schell,* 692 F.2d 672, 675 (10th Cir.1982); *United States v. Warme,* 572 F.2d 57, 62 (2nd Cir.), *cert. denied,* 435 U.S. 1011, 98 S.Ct. 1885, 56 L.Ed.2d 393 (1978).

In addition, the severity and numerosity of Cox's convictions were compounded by the minimal time between his releases and each subsequent criminal act. As the prosecution stated in its notice: "The swiftness with which he resumed his criminal career after a ten year imprisonment also tends to show that the defendant remains unimpressed by punishment and that he will remain a danger to society as long as he is not incarcerated." We find that the Notice of Dangerous Special Offender meets the requirements of 18 U.S.C. § 3575(a)(2) as interpreted by this court in *Kelly.*

The judgment of the district court is affirmed.