UNITED STATES of America, Appellee,

v.

Dale Ray HALEY, Appellant.

No. 84–1722.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1984.

Decided April 9, 1985.

Rehearing and Rehearing En Banc Denied May 13, 1985.

---

Jack Nordby, Minneapolis, Minn., for appellant.

Ronald M. Kayser, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before HEANEY, ROSS, and FAGG, Circuit Judges.

ROSS, Circuit Judge.

Appellant Dale Haley appeals his conviction for possession of a firearm by a felon under 18 U.S.C. App. I § 1202(a)(1) (1982), following an indictment dated December 16, 1981,[1] for conspiracy to distribute methamphetamines in Omaha, Nebraska. On appeal Haley alleges that (1) the seizure of the firearm was unlawful and should have been suppressed, (2) the evidence was not sufficient to show ownership and control of the seized weapon, and (3) he should not have been sentenced as a dangerous special offender.

---

1. Haley was indicted for conspiracy with the defendants in the consolidated appeals of *United States v. Apker*, 705 F.2d 293 (8th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 996, 79 L.Ed.2d 229 (1984), and *United States v. Fitzgerald*, 705 F.2d 293 (8th Cir.), *aff'd,* 724 F.2d 633, *cert. denied,* — U.S. —, 104 S.Ct. 2151, 80 L.Ed.2d 538 (1984), but Haley was dismissed in those cases. However, his conviction for possession of a firearm arises out of that incident.

## FACTS

The material facts in this case revolve around the search and seizure which took place at a house on Rural Route 4, Council Bluffs, Iowa. Following a grand jury indictment, a federal warrant was issued authorizing search and seizure of those who were allegedly participants of a conspiracy to distribute methamphetamines. The "indicia search warrant"[2] served on Haley, with the exception of the description of the place to be searched, was virtually identical to those involved in *United States v. Apker*, 705 F.2d 293 (8th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 996, 79 L.Ed.2d 229 (1984), and *United States v. Fitzgerald*, 705 F.2d 293 (8th Cir.), *aff'd,* 724 F.2d 633, *cert. denied,* —— U.S. ——, 104 S.Ct. 2151, 80 L.Ed.2d 538 (1984).

The officers went to the house designated in the search warrant as Haley's residence. Haley was not home, but his wife was present, so the search was conducted. The officers immediately found indicia of Hell's Angels membership, i.e., photographs, posters, a plaque, and a belt buckle.

In the closet, close to the bathroom, a Hell's Angels vest was found. And near the bathroom a box of photographs was disclosed. Additionally, a motorcycle was found in the garage. In the bedroom, papers concerning Hell's Angels were found in a dresser along with leather saddlebags and men's clothing. During the search of the dresser, marijuana cigarettes were found, and Mrs. Haley indicated that they were hers. An officer went to obtain a state search warrant for marijuana and controlled substances.

During this time the bed headboard was searched. The left side of the headboard was opened and lotions and cosmetics were found. On the right side of the headboard, a compartment was opened and a loaded pistol partially concealed by a handkerchief was disclosed. The officers, knowing Haley to be a convicted felon, seized the gun. Haley appeals arguing that this gun should have been suppressed.

## DISCUSSION

### A. Suppression.

#### 1. Probable cause.

■ Haley first attempts to argue that evidence concerning the gun should be suppressed, since there was no probable cause to search his residence. We reject this argument. This court has already held that probable cause did exist to support the search of the residences for indicia of Hell's Angels membership. *United States v. Fitzgerald, supra,* 724 F.2d at 636 (adopting panel opinion findings of probable cause), and *United States v. Apker, supra,* 705 F.2d at 303–04. In the application for a warrant to search Haley's residence evidence was presented to the magistrate showing that Haley had given his parole officer the Rural Route 4 address as his place of residence. The affidavit also stated that while Haley lived in Omaha, Hell's Angels indicia was seen at his residence. Additionally, an informer had said that Haley was a member of the Hell's Angels Club. Under *Fitzgerald* and *Apker,* there existed probable cause to search the residence in question.

#### 2. Admissibility of Gun.

■ Haley next argues that even if there was probable cause to search the

---

2. The warrant described the items to be sought as follows:

A. Sleeveless leather and jean jackets with a Death's Head insignia with wings on the back with the notation "Hell's Angels" written above the Death's Head and the state that the party is a member of, in this case Nebraska, is written beneath of the Death's Head symbol (commonly and hereafter referred to as "Hell's Angel's Colors").

B. A metal belt buckle which states "Hell's Angels" on it.

C. Certain plaques, mirrors and other items which give the names of members of the Hell's Angels.

D. Photographs which depict the association of members of the Hell's Angels.

E. Telephone books with telephone numbers listed therein of members of the Hell's Angels, which includes local and national members.

F. Certain papers relating to Club activities, expenditures, financial records, Club rules and regulations.

G. Red T-shirts with "Hell's Angels" printed on them.

residence, that previous to the time the gun was seized, all items sought under the valid portions of the warrant had already been seized. In support of his argument he cites *United States v. Apker*, where the court states:

> While additional evidence would usually show the breadth of criminal activity, in the instant case additional evidence would at some point have no additional probative value in determining membership. Therefore, some of the the items in the indicia warrants would do nothing to aid in the conviction. An indicia warrant allows an almost unlimited search for the purported purpose of obtaining evidence on a very narrow matter for which only a limited amount of evidence would be useful. As a result, there was a tremendous potential for abuse.

705 F.2d at 302. This argument fails for two reasons. First, this court recognized in *Apker* that photographs are often "the best evidence of indicia of membership." *Id.* at 302 n. 11. Thus, a continued search for more photographs did not make the search invalid. The appellant concedes that the district court's finding that pictures could have been stored in the headboard drawer was not clearly erroneous. *See United States v. McGlynn*, 671 F.2d 1140, 1143 (8th Cir.1982); *see also Fitzgerald, supra*, 724 F.2d at 639 (Arnold, J., concurring) (where a majority of the active judges of this court found that a belt buckle described in part B of the warrant could have been located in an overcoat pocket in which a pistol was discovered; therefore, the pistol was admissible).

■ Secondly, even if the officers in this case had found all of the items described in the valid portion of the warrant, a further search in good faith for the items in the invalid portion of the warrant would nonetheless have been permissible. *See United States v. Leon*, — U.S. —, 104 S.Ct. at 3405, 3421, 82 L.Ed.2d 677 (1984); *United States v. Sager*, 743 F.2d 1261, 1267 (8th Cir.1984). Here, although most of the items set forth in A, B, and C of the warrant were already seized, the officers could still have been searching for the items set forth in E and F (telephone books and certain papers) or for more photographs. Under *Leon*, even though parts E and F of the warrant were held to be invalid, the search is still valid.[3]

### B. First Amendment.

Haley next argues that his first amendment rights were violated by the search of his residence for indicia of Hell's Angels membership. This argument is without merit in view of our holding in *Apker, supra*, 705 F.2d at 302.

### C. Sufficiency of the Evidence.

■ Haley argues that there was not sufficient evidence to support a claim that he was the owner of the pistol found by the officers. He contends that he was not living at the residence in question, that his wife told the officers at the time the gun was discovered that it was hers, and that there were no fingerprints on the gun. We find these contentions to be without merit.

There is enough evidence to link Haley to the house in question. Haley himself told his parole officer that he lived there. We have stated before that evidence of constructive possession is sufficient to show power and dominion over a weapon. *United States v. Caspers*, 736 F.2d 1246, 1249

---

**3.** As we recently stated in *United States v. Faul*, 748 F.2d 1204 (8th Cir.1984):

> Even if the warrant was invalid, the Supreme Court's recent ruling in *United States v. Leon*, — U.S. —, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), would allow the admission of the shotgun evidence in this case. In *Leon* the Court held that the exclusionary rule should not be applied so as to bar the admission of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate which is ultimately found to be invalid. *Id.* 104 S.Ct. at 3419–21. *See also Massachusetts v. Sheppard*, — U.S. —, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984) (same). In this case, even if the warrant was invalid, the officers' reliance on the magistrate's determination of probable cause was objectively reasonable. Accordingly, without regard to the validity of the warrant, the shotgun was properly admitted.

*Id.* at 1220 n. 11.

(8th Cir.1984). The evidence in this case is more than sufficient. During the search a man's clothing, hats, and apparel were found. Also, numerous documents with Haley's name were located in the bedroom and the gun, wrapped in a blue bandana, was found in the dresser headboard on the side occupied by a man. Haley was in at least one picture in the living room, and a black vest which Haley was observed wearing in photographs was also found in the house. Furthermore, plaques with Haley's name were found lying in the living room. In view of this evidence, coupled with Haley's indication to his parole officer that he resided at the house in question, we find the evidence to be sufficient to find Haley in possession of the gun.

### D. Enhanced Sentence.

█ Haley argues that the district court erred in sentencing him under 18 U.S.C. § 3575 (1982) as a special dangerous offender because (1) the notice was not properly filed, (2) the statute is unconstitutional, and (3) the evidence did not establish that he was a dangerous offender under the Act. Haley's sentence was enhanced from two to four years. As a preliminary matter, Haley argues that the government failed to give him adequate notice that he would be sentenced under 18 U.S.C. § 3575. In accordance with § 3575(a) the government must file its notice within a "reasonable time before trial." *United States v. Davis*, 710 F.2d 104 (3d Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 505, 78 L.Ed.2d 695 (1983). In this case, notice was sealed and delivered to Judge Oliver on February 28, 1984. The trial commenced March 5, 1984. We find this notice to be sufficient so as to comply with 18 U.S.C. § 3575(a).

█ With regard to the constitutionality of 18 U.S.C. § 3575 *et seq.*, this court has held that the statute is constitutional. *United States v. Cox*, 719 F.2d 285, 287 (8th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1714, 80 L.Ed.2d 186 (1984).

█ Haley next argues that the evidence did not show that he was a "special offender" and "dangerous" within the meaning of the Act. With regard to these requirements, the district court found that Haley was a "special offender" and "dangerous." In particular, the district court found that Haley (40 years old) had a criminal record dating back 30 years, including three felony convictions and a parole revocation. He also found that Haley had only been out of jail for very short intervals between his convictions. The court further determined that Haley was dangerous because of his conviction for possessing a firearm. Additionally, there was a firearm in the automobile when he was finally arrested in Minneapolis,[4] and he was arrested in the company of a convicted felon. Finally, the court believed it was relevant that the bullets in the gun discovered in appellant's bedroom were notched (hollow-point effect) by the appellant.

In *Cox, supra*, the court stated:

The number as well as the severity of the crimes may be taken into account in deciding whether to sentence the defendant as a dangerous special offender. *See United States v. Schell*, 692 F.2d 672, 675 (10th Cir.1982); *United States v. Warme*, 572 F.2d 57, 62 (2nd Cir.), *cert. denied*, 435 U.S. 1011, 98 S.Ct. 1885, 56 L.Ed.2d 393 (1978).

In addition, the severity and numerosity of Cox's convictions were compounded by the minimal time between his releases and each subsequent criminal act. As the prosecution stated in its notice: "The swiftness with which he resumed his criminal career after a ten year imprisonment also tends to show that the defendant remains unimpressed by punishment and that he will remain a danger to society as long as he is not incarcerated."

719 F.2d at 288.

Although the crimes in *Cox* were more dangerous (robbery, assault, kidnapping), the test as applied to Haley affirms that the district court did not abuse its discretion. *See United States v. Cox, supra*, 719

---

**4.** It should be noted that no proof was adduced to show Haley to be the owner of that gun.

F.2d at 287 (discussing concept of dangerousness).

Haley was convicted in 1961 and in 1965 for burglary and malicious destruction of property, in 1971 for conspiracy to distribute heroin, in 1971 for the sale of heroin, and in 1981 for the possession of a firearm. The district court found that since adulthood Haley had been lawfully out of prison for only six years.

The district court was required to find "by a preponderance of the information"[5] under 18 U.S.C. § 3575(b) that Haley was a special and dangerous offender. Based on the evidence as set forth by the district court, we affirm the finding that Haley is both special and dangerous and could accordingly be sentenced under 18 U.S.C. § 3575.

### CONCLUSION

We reject all the claims raised by Haley and affirm the district court.

HEANEY, Circuit Judge, dissenting.

I respectfully dissent. In my view, the search of Janice Fitzgerald's home was unreasonable and not supported by probable cause. It was nothing more than a fishing expedition. My reasons for this view are fully set forth in my dissent in *United States v. Fitzgerald*, 724 F.2d 633, 640–42 (8th Cir.1983). I have no quarrel with the remaining sections of the opinion.

5. For a review of those cases which have applied the "preponderance of the information" standards, see *United States v. Davis,* 710 F.2d 104, 106, (3d Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 505, 78 L.Ed.2d 695 (1983); *United States v. Weston,* 708 F.2d 302, 310 (7th Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 397, 78 L.Ed.2d 340 (1983); *United States v. Schell,* 692 F.2d 672, 676–79 (10th Cir.1982); *United States v. Inendino,* 604 F.2d 458, 463 (7th Cir.), *cert. denied,* 444 U.S. 932, 100 S.Ct. 276, 62 L.Ed.2d 190 (1979); *United States v. Williamson,* 567 F.2d 610 (4th Cir.1977); *United States v. Bowdach,* 561 F.2d 1160, 1173–75 (5th Cir.1977); *United States v. Stewart,* 531 F.2d 326, 334 (6th Cir.), *cert. denied,* 426 U.S. 922, 96 S.Ct. 2629, 49 L.Ed.2d 376 (1976).