**UNITED STATES, Appellee,**

v.

**Michael K. SCOTT, Appellant.**

**No. 86–1602.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1986.

Decided Oct. 22, 1986.

Raymond C. Conrad, Kansas City, Mo., for appellant.

Linda L. Sybrant, Kansas City, Mo., for appellee.

Before WOLLMAN and MAGILL, Circuit Judges, and REGAN,* District Judge.

REGAN, Senior District Judge.

On his plea of guilty, Michael Keith Scott, a convicted felon, was convicted of possessing a firearm in violation of 18 U.S. C.App. II § 1202(a)(1). He was sentenced to a term of ten years imprisonment as a dangerous special offender under the enhanced sentencing provisions of 18 U.S.C. § 3575. By this appeal, Scott attacks the validity of that sentence. We affirm.

Scott argues that Section 3575 does not apply to convicted felons in possession of firearms. Section 3575 is a general statute prescribing a procedure for enhanced sentences of up to 25 years imprisonment upon a finding that the defendant is a dangerous special offender as therein defined. Section 1202(a), specifically applicable to a convicted felon in possession or receipt of a firearm in commerce who has three previous convictions for robbery or burglary or both, provides, inter alia, for a mandatory prison sentence of not less than fifteen years without the possibility of probation or parole in lieu of the two year maximum term otherwise provided for.

█ Scott, who does not have three prior convictions for robbery or burglary (and so is not affected by the § 1202(a) enhanced penalty), argues that where, as here, there is a specific enhancement provision, as in § 1202(a), but which is not factually available to the prosecution, the prosecutor is foreclosed from using the general enhancement statute (§ 3575) even if the defendant is in fact a dangerous special offender.

We do not agree. We find nothing in the legislative history indicative of a Congressional intent to relieve a dangerous special offender of the possibility of *any* enhanced

punishment simply because his prior offenses did not include three or more robberies or burglaries. Whether the enhancement provision of § 3575 may be utilized in *addition* to a mandatory enhanced punishment when required by § 1202(a) is a question not before us.

The cases relied on by Scott, *Simpson v. U.S.*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1976) and *Busic v. U.S.*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), are factually inapposite. In *Simpson*, the defendant was given the maximum sentence of 25 years under 18 U.S.C. § 2113(d) for the armed robbery of a bank, together with a consecutive sentence of 10 years for his use of the gun in committing the bank robbery, in violation of 18 U.S.C. § 924(c). Holding that the prosecution grew out of a single transaction of bank robbery with firearms, the Supreme Court held that the defendant could not be sentenced under *both* statutes. No such situation is here presented.

In *Busic*, the defendant was convicted of assaulting a federal officer in violation of 18 U.S.C. § 111, which provides for enhanced punishment when the assaulter uses a deadly weapon. He was also convicted of violating 18 U.S.C. § 924(c), which authorizes the imposition of enhanced penalties on a defendant who uses a firearm while committing a federal felony, and a consecutive sentence was imposed on him pursuant to § 924. The Supreme Court held that in Busic's situation the defendant's sentence could be enhanced only under the enhancement provision in the statute defining the felony he committed, but not under both statutes. As we have noted, the present case does not involve a *double* enhancement. Under the facts, Scott's sentence could not have been, and was not, enhanced under § 1202(a) which provides for enhancement thereunder only in a limited situation not here present.

---

* The HONORABLE JOHN K. REGAN, Senior United States District Judge for the Eastern Dis-    trict of Missouri sitting by designation.

■ We also reject Scott's further contention that § 3575 is unconstitutional in that the finding that the defendant is a dangerous special offender may be made by a preponderance of the information submitted, rather than beyond a reasonable doubt. However, what is involved is a sentencing procedure, not a separate criminal proceeding as to which proof beyond a reasonable doubt as to each element of the criminal charge is required. Section 3575 affords defendants the basic requirements of due process, including notice, followed by a hearing at which the defendant is entitled to assistance of counsel, compulsory process and granted the right of cross-examination of live witnesses.

This circuit has heretofore sustained the constitutionality of § 3575. *United States v. Cox*, 719 F.2d 285, 287 (8 Cir.1983). Cox was followed in *United States v. Haley*, 758 F.2d 1294, 1299 (8 Cir.1985). Although neither case addressed in terms the specific point urged by Scott, the *Cox* Court did not overlook it, as evidenced by its reference to the district court decision of *United States v. Duardi*, 384 F.Supp. 874 (W.D.Mo.1974), the case principally relied upon by Scott, and to the 4th Circuit case of *United States v. Williamson*, 567 F.2d 610. In holding the statute constitutional, this Court joined other circuits so ruling. See, for example, *Williamson*, 567 F.2d at 615 (4 Cir.1977); *United States v. Schell*, 692 F.2d 672, 679 (10 Cir.1982); and *United States v. Inending*, 604 F.2d 458, 463 (7 Cir.1979).

Scott also challenges the validity of his sentence under § 3575 on the two-fold grounds (1) that in determining the length of the sentence the district court relied on evidence which was clearly erroneous and (2) that in determining Scott to be a dangerous special offender, the district court relied on inadmissible, contested hearsay evidence.

■ The allegedly "erroneous" evidence pertained to the confused status of Scott's parole from a previous conviction, that is, whether it had been revoked. Scott argues that inasmuch as the parole had in fact been revoked (as evidenced by an addendum to his brief on appeal, a copy of which was never submitted to the attention of the district court), the case should be remanded for resentencing. However, the record negates Scott's contention that the district court believed his parole had not been revoked and relied on that belief as a "fact." To the contrary, the court not only made clear its uncertainty as to the status of the parole revocation, but concluded nevertheless to make the determination without regard to whether the "pending" revocation had been finalized. The court agonized over its inability to find a glimmer of hope from his past record that Scott would not resume his criminal conduct when released again, and found that a significant enhancement of the sentence was essential to protect the public from Scott's propensity for further criminal conduct. We note also that the district court ordered that the sentence be served under 18 U.S.C. § 4205(a).

■ Also lacking in merit is Scott's final contention that in determining the status of Scott to be that of a dangerous special offender the district court relied on inadmissible, contested, hearsay. The matters to which Scott refers had been incorporated into his presentence report from the presentence report prepared in connection with his 1982 conviction in Minnesota of being a felon in possession of a firearm. The specific items therein to which Scott objects are (1) that during a 1973 robbery for which Scott was convicted, he or one of his accomplices had sprayed the victim with mace;[1] (2) that during an armed robbery of a bank in 1975 for which he was convicted, Scott stood guard over a security officer, (3) that he had been involved in a stabbing incident at the Jackson County jail (for which he was not prosecuted) and that while at the jail he projected an antiauthoritarian attitude and appeared to have diffi-

---

1. Although testifying that he had not sprayed the mace, he neither denied nor admitted that one of the other robbers had done so.

culty getting along with his peers; and (4) that while conveying a weapon (a half pair of scissors) in a federal prison, an offense of which he was convicted, he took it out of his waistband and pointed it at a correctional officer.

At the 1982 sentencing hearing, neither Scott nor his attorney challenged as untrue the accuracy of *any* of the foregoing statements. His then counsel stated that the report was "for the most part very accurate and a complete one," but did not point out any particular respect in which it fell short of being very accurate and complete, although all of the matters now complained of were then relevant for consideration by the sentencing judge. We note that Scott conceded in the 1982 hearing that his record was "pretty bad," but he too made no effort to correct any misstatements which adversely affected his record. We do not believe the derogatory statements in the Minnesota report would have gone unchallenged had they not been true. In the present proceeding, the district court held, and we agree, that the items complained of were admissible as admissions under Rule 801(d)(2), Federal Rules of Evidence. Cf. *United States v. Ojala,* 544 F.2d 940 (8 Cir.1976).

Summarizing, we find upon our review of the sentence that the procedure employed was lawful, that the findings of the district court were not clearly erroneous, and that the court's discretion in imposing the sentence was not abused.

Affirmed.