50 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael K. SCOTT, Petitioner-Appellant,
v.
G.E. HURST; U.S. Parole Commission, Respondents-Appellees.
 No. 94-5924.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1995.
 
 Before: KRUPANSKY, NELSON and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Michael K. Scott appeals a district court judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Scott was convicted of bank robbery in 1976 and was sentenced to 18 years of imprisonment. Thereafter, petitioner was convicted of conveying a weapon in a federal correctional institution and was sentenced to serve six months of imprisonment consecutive to his prior sentence followed by 5 years of probation. Petitioner was admitted to parole and his parole was revoked at least five times before the circumstances at issue in this case arose. On two of these prior occasions, petitioner's parole was revoked because of federal convictions for being a felon in possession of a firearm. See United States v. Martin, 706 F.2d 263 (8th Cir.1983), and United States v. Scott, 804 F.2d 104 (8th Cir.1986).
 
 
 3
 Most recently, petitioner was admitted to parole on December 11, 1991. On December 31, 1991, a parole violator warrant was issued for petitioner's arrest after petitioner's probation officer reported that while intoxicated on December 29, 1991, petitioner broke into his girlfriend's residence, beat her and subsequently threatened to kill her and her family. The probation officer's report was based upon a police report and an interview with and statement taken from the victim by probation officers. An evidentiary hearing was conducted at which petitioner was represented by counsel. Petitioner and the victim testified that the assault did not occur. The hearing panel recommended that petitioner's parole be revoked and that petitioner be required to serve at least six months more than the guideline range calculated at 16 to 22 months based upon a Category Two severity rating of petitioner's conduct.
 
 
 4
 The regional administrator and regional commissioner disagreed with the panel's calculation of the applicable guideline range and referred the case to the National Commissioners with a recommendation that petitioner be required to serve 24 months more than the guideline range calculated at 60 to 72 months based upon a Category Five severity rating. The Parole Commission accepted the recommendation, and the National Appeals Board affirmed the decision on administrative appeal.
 
 
 5
 Thereafter, petitioner filed his habeas petition in the district court alleging: (1) that the decision to revoke his parole is supported by insufficient evidence; (2) that newly discovered evidence was not considered; (3) that a decision outside the guidelines is unwarranted; and (4) that the severity rating assigned his offense behavior should be Category Two. The government filed a return and motion to dismiss the petition, and petitioner submitted a reply. The magistrate judge recommended that the petition be denied, and petitioner filed objections. The government filed a response to petitioner's objections, and petitioner filed a rebuttal and an amendment to his habeas petition. The district court adopted the magistrate judge's recommendation and dismissed the petition.
 
 
 6
 Upon consideration, we conclude that the judgment should be affirmed for the reasons stated in the magistrate judge's report and recommendation filed March 23, 1994, and in the district court's order adopting the report and recommendation filed June 20, 1994. See Hackett v. United States Parole Comm'n, 851 F.2d 127, 129-31 (6th Cir.1987); Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984); Taylor v. United States Parole Comm'n, 734 F.2d 1152, 1155 (6th Cir.1984).
 
 
 7
 The judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.